404 So.2d 1178 (1981)
MIDFLORIDA SCHOOLS FEDERAL CREDIT UNION, Appellant,
v.
Robert Wesley FANSLER, As Personal Representative of the Estate of Thelma H. Fansler, Deceased, Appellee.
No. 81-53.
District Court of Appeal of Florida, Second District.
October 23, 1981.
*1179 Philip O. Allen of DeVane, Munson, Anderson & Allen, Lakeland, for appellant.
Wallace L. Storey, Bartow, for appellee.
PER CURIAM.
This is an appeal from the trial court's dismissal with prejudice of appellant's second amended complaint for failure to state a cause of action.
Appellant Midflorida Schools Federal Credit Union filed a claim in the estate of Thelma H. Fansler, deceased, for monies loaned to her on the basis of an open-end credit agreement which was attached to the claim. Appellee objected to the claim and appellant filed its complaint, followed by an amended complaint, and alleged that Thelma H. Fansler, deceased, had entered into the open-end credit agreement with the Polk County Teacher's Credit Union through which she borrowed the maximum of $3,500. The rights of the alleged agreement were then assigned to appellant. As evidence of the debt, appellant attached to its complaint and amended complaint the document entitled a "Revolving Credit Plan, Application, Agreement, Note and Truth-in-lending Disclosure." Appellee, Fansler's personal representative, moved to dismiss the amended complaint for failure *1180 to state a cause of action, specifically arguing that the exhibit attached was incomplete, vague, non-negotiable, and without a sufficient promise to pay. The trial court dismissed the amended complaint with leave to amend. Thereafter, appellant filed its second amended complaint, attaching the same exhibit and alleging a series of loans to the deceased pursuant to the agreement up to the maximum of $3,500, and that the deceased was then indebted to appellant in the amount of $3,359.88. Upon appellee's motions to strike and dismiss, the trial court struck count I and dismissed counts II and III of the second amended complaint.
The court's basis for striking count I was that it had previously been ruled upon on a prior motion to dismiss. We find that to have been error for the same reasons we discuss regarding the dismissal of counts II and III. It dismissed counts II and III on the basis that they alleged a series of loans or future advances that were not specifically set forth in the agreement attached and that since they were outside the attached agreement they were also then beyond the scope of the claim filed in the estate and did not comply with section 733.703, Florida Statutes (1979). We cannot accept that construction of the agreement attached or section 733.703. The agreement specifically provided for future advances to the deceased upon her application up to a maximum of $3,500. It also contained a scale which set forth the minimum monthly payments required for the amount of the maximum outstanding loan at any time and provided that the deceased promised to pay the minimum monthly amounts on the tenth day of each month. Because the documents, if any, which represented the future advances were not attached to the claim filed in the estate nor to the various complaints does not cause any of them to be defective so long as the basic agreement was attached and pled. Section 733.703, Florida Statutes, provides that a creditor shall file a statement of claim "indicating its basis" (emphasis added). Section 733.704, Florida Statutes, further provides that when a bona fide attempt to file a claim is made, but the claim is defective, the court may permit the amendment of the claim at any time.
The court further grounded its dismissal of counts II and III on the basis that they were barred by the statute of limitations inasmuch as the basic document did not set forth with particularity the future advances and therefore such future advances were oral transactions. Again, we cannot agree. The written agreement specifically includes a provision for future advances and a promise to pay them.
Cases are generally to be tried on their proofs rather than the pleadings and there is insufficient justification for granting a motion to dismiss a complaint for failure to state a claim unless the allegations in the pleading attacked show with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. See Kaufman v. A-1 Bus Lines, Inc., 363 So.2d 61 (Fla. 3d DCA 1978). When reviewing an order for involuntary dismissal, the test to be applied is whether the complaint, construed in the light most favorable to the plaintiff, is sufficient to constitute a valid claim. See Fidelity & Casualty Co. of New York v. L.F.E. Corp., 382 So.2d 363, 367 (Fla. 2d DCA 1980).
We believe that the document attached to appellant's complaint was sufficient to state a cause of action for pleading purposes because it includes a promise to pay, a due date and the amount of minimum payments due. Therefore, the trial court erred in dismissing appellant's second amended complaint and we reverse.
SCHEB, C.J., and BOARDMAN and CAMPBELL, JJ., concur.