466 So.2d 1231 (1985)
Gertrude HILL, As Personal Representative of the Estate of Johnny Mack Davis, Deceased, Appellant,
v.
CITY OF LAKELAND, Appellee.
No. 84-1912.
District Court of Appeal of Florida, Second District.
April 10, 1985.
Robert L. Appleget, Jr. of Black, Meffert, Landt, Appleget & Wiechens, Ocala, for appellant.
J. Michael McCarthy, Lakeland, for appellee.
RYDER, Chief Judge.
In this tragic case of misadventure, Johnny Mack Davis and a friend were fishing at *1232 Lake Wire in Lakeland when the friend attempted to dislodge an ensnarled fishing line and became entangled in submerged aquatic weeds. Davis, in an effort to rescue his friend, unfortunately drowned. Davis's personal representative sought damages from the City of Lakeland for wrongful death.
The parties stipulated that the weeds were a naturally occurring condition which the City did not create. They further stipulated that both Davis and the City knew the weeds were present in Lake Wire and the City had no superior knowledge of this fact. The trial court dismissed the complaint with prejudice, finding that the complaint failed to state a cause of action in that the City had no duty to warn of a known, naturally occurring, potentially hazardous condition which the City did nothing to create.
Were that it were otherwise, natural instincts would lead to a different result. But, the law is clear. A governmental entity has no duty to warn of a known dangerous condition which it did not create. City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982).
Affirmed.
CAMPBELL and FRANK, JJ., concur.