493 So.2d 495 (1986)
Marilyn J. ALDERMAN, Etc., Appellant,
v.
Lawson LAMAR, Etc., et al., Appellees.
No. 85-1190.
District Court of Appeal of Florida, Fifth District.
August 7, 1986.
Rehearing Denied September 10, 1986.
*496 Deborah C. Edens and John R. Overchuck of Maher, Overchuck, Langa and Lobb, Orlando, for appellant.
Kimberly A. Ashby and Carl D. Motes of Maguire, Voorhis & Wells, P.A., Orlando, for appellee Lawson Lamar.
Robert D. Keough of Woolfolk, Estes & Keough, P.A., Orlando, for appellee Dept. of Highway Safety and Motor Vehicles.
COWART, Judge.
This case involves the doctrine of sovereign immunity and its waiver under section 768.28, Florida Statutes.
Appellant personal representative appeals from a summary judgment in favor of Lawson Lamar, Sheriff of Orange County, Florida, and the Department of Highway Safety and Motor Vehicles (DHSMV). The personal representative's daughter was killed when the car in which she was a passenger collided with another vehicle at an intersection in Apopka, Florida, allegedly because a stop sign at the intersection was leaning as a result of an accident occurring earlier that day. Nine hours before the accident involved in this case, a Florida Highway Patrol officer allegedly observed the leaning stop sign but did not perceive it to be a hazard and did not report it to his dispatcher as required by Florida Highway Patrol regulations. While at the scene, the officer learned from nearby residents that the stop sign had been damaged in a third accident occurring even earlier that same day and that an Orange County deputy sheriff had investigated the earlier accident.
The personal representative filed a wrongful death action against several defendants, including the sheriff and DHSMV. Count V of the complaint alleged that the Orange County deputy sheriff, who had allegedly investigated the earliest accident, was negligent in failing to report the leaning stop sign and in failing to place the stop sign in an upright position. Count IV alleged that DHSMV's employee, the highway patrol officer, was negligent in failing to report the leaning stop sign or place it in an upright position, and in failing to warn motorists of the dangerous condition caused by the leaning stop sign.
*497 Both the sheriff and DHSMV filed motions for summary judgment, contending that sovereign immunity protects them from liability under the facts alleged in the personal representative's complaint. The trial court agreed, and entered a combined final judgment in favor of the sheriff and DHSMV. We affirm.
The initial inquiry in sovereign immunity cases is whether the governmental entity was under either a common law or statutory duty of care with respect to the alleged negligent conduct. Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985).[1] An underlying common law duty of care is absent in the instant case. There has never been a common law duty on anyone, private citizen or government agent, to advise or warn anyone of a damaged traffic sign. The law enforcement officers' decisions to report or not to report the damaged stop sign fell within their discretionary power to enforce compliance with the law and their duty to protect the public in general. The supreme court in Trianon Park noted that:
How a governmental entity, through its officials and employees, exercises its discretionary power to enforce compliance with the laws duly enacted by a governmental body is a matter of goverance, for which there has never been a common law duty of care.
Id. at 919. A law enforcement officer's duty to protect citizens is a general duty owed to the public as a whole. Though it is possible that the accident in question might have been prevented through "reasonable law enforcement actions," this fact does not establish a common law duty to the decedent in the instant case or establish a basis for tort liability on the sheriff or the DHSMV for failure to act. See Everton v. Willard, 468 So.2d 936 (Fla. 1985).
An underlying statutory duty of care is also absent in this case. The personal representative tries to establish liability grounded upon duties imposed upon law enforcement officers by Florida Statutes and by various Florida Highway Patrol regulations. Section 316.640, Florida Statutes, imposes various duties upon the sheriff's office, including the enforcement of all the traffic laws of the state. The alleged duty imposed on DHSMV comes from the Florida Highway Patrol regulation which apparently requires highway patrol officers to report damaged signs to their assigned patrol station operator, and from section 321.05(1), Florida Statutes, which sets out duties, functions, and powers of patrol officers.
Just as in Trianon Park there is nothing in these statutes or rules indicating that either the legislature or the drafters of the highway patrol regulations intended to provide individual citizens with a statutory or rule right of recovery for a law enforcement officer's negligent enforcement of laws or failure to follow FHP regulations. Notably, the supreme court in Rodriquez v. City of Cape Coral, 468 So.2d 963 (Fla. 1985), rejected the contention that an analogous statute, section 396.072(1), Florida Statutes,[2] imposed an actionable duty on a police officer, and a corresponding tort liability on the City of Cape Coral, where the officer failed to take an intoxicated driver, who was later involved in a fatal automobile accident, into protective custody. We *498 cannot agree with the personal representative's contention that these Florida Statutes and Florida Highway Patrol rules impose actionable duties upon the sheriff and DHSMV.[3]
The personal representative also argues that the law enforcement officers in the instant case had a duty to warn the decedent and other motorists of the dangerous condition created by the leaning stop sign as set forth in Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1983). The duty to warn in Ralph stemmed from obligations imposed as a result of the city's possession and control of the beach. In contrast to Ralph, however, the law enforcement officers in the instant case had no right to control or possess intersections, roads, or stop signs which corresponds to the city's right to possess and control the beach in Ralph.[4]
The personal representative's contention that the sheriff and DHSMV had duties as set forth in City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982), is also rejected. In Collom, the supreme court held that:
[W]hen a governmental entity creates a known dangerous condition, which is not readily apparent to the persons who could be injured by the condition, a duty at the operational-level arises to warn the public of, or protect the public from, the known danger.
Id. at 1083 (emphasis supplied). However, the law enforcement officers in the instant case had absolutely nothing to do with damaging the stop sign or creating the alleged dangerous condition. See also Sarasota County v. Butler, 476 So.2d 216 (Fla. 2d DCA 1985); Hill v. City of Lakeland, 466 So.2d 1231 (Fla. 2d DCA 1985). This case must also be distinguished from duty to maintain cases such as Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
As neither the sheriff nor DHSMV were under a common law or statutory duty to report the leaning stop sign, repair it, or warn motorists of it, the lower court was correct in entering final summary judgment in favor of the sheriff and DHSMV.
AFFIRMED.
UPCHURCH, C.J., and COBB, J., concur.
NOTES
[1] The second inquiry is whether the alleged negligence occurred at the planning or operational level of decision making. See Trianon Park, 468 So.2d at 918-19. However, the second inquiry need not be addressed unless there first exists a common law or statutory duty of care. This case does not reach the second inquiry.
[2] Section 396.072(1), Florida Statutes, provides that:

Any person who is intoxicated in a public place and who appears in need of help, if he consents to the proffered help, may be assisted to his home or to an appropriate treatment resource, whether public or private, by a peace officer. Any person who is intoxicated in a public place and appears to be incapacitated shall be taken by the peace officer to a hospital or other appropriate treatment resource. A person shall be deemed incapacitated when he appears to be in immediate need of emergency medical attention or when he appears to be unable to make a rational decision about his need for care.
[3] The personal representative has also failed to show the existence of a "special relationship" between the decedent and the governmental entities which would give rise to a duty. Everton, 468 So.2d at 938.
[4] The supreme court in Trianon stated that: "[O]nce a governmental entity builds or takes control of property or an improvement, it has the same common law duty as a private citizen to properly maintain and operate the property." 468 So.2d at 921.