528 So.2d 389 (1988)
Robert R. SHAFFER, Jr., and Jill R. Shaffer, His Wife, Appellants,
v.
WELLS FARGO GUARD SERVICES, A SUBSIDIARY OF BURNS INTERNATIONAL SECURITY SERVICES, A SUBSIDIARY OF BAKER INDUSTRIES, INC., Appellee.
No. 86-3132.
District Court of Appeal of Florida, Third District.
March 1, 1988.
On Rehearing June 7, 1988.
Barnett & Hammer and Richard A. Barnett, Hollywood, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Fred R. Ober and Steven E. Stark, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
This is an appeal from an order dismissing with prejudice the Shaffers' first amended complaint. We affirm.
In essence, the complaint alleges that Robert Shaffer, Jr., an employee of Citizens Federal Savings and Loan, was assaulted in the bank by a man who mistakenly believed that Shaffer was romantically involved with the man's wife, a fellow employee of Shaffer's; at the time of the assault, the bank had a contract with Wells Fargo Guard Services which provided, in part, that Wells Fargo would "help provide the [Bank] with a system of protection for its assets and employees against certain hazards"; and that Wells Fargo was negligent and breached the contract when it failed to protect Shaffer from the man who mistook himself for a cuckold.
Although it can be fairly said that Shaffer was an intended third-party beneficiary of the contract between the bank and Wells Fargo, it cannot be fairly said that the contract contemplated protecting bank employees from hazards totally unconnected to the activities or business of the bank. We think the broadest reading that can be given to the otherwise undefined "certain hazards" is that the term means "certain hazards associated with carrying on a bank's business." Extracurricular dalliances  whether real or imagined  with fellow employees, while surely forms of carrying *390 on, are certainly none of the bank's business.
We conclude, therefore, that Wells Fargo had no duty to protect Shaffer against the hazard of violence from an irate husband and thus cannot be liable to Shaffer in either contract or tort.
Affirmed.
SCHWARTZ, C.J., concurs.
BASKIN, Judge (dissenting in part).
Appellant Robert R. Shaffer, Jr. [Shaffer] seeks reversal of the trial court's Order dismissing his first amended complaint with prejudice. The complaint alleges two causes of action: first, that appellee, Wells Fargo Guard Services [Wells Fargo], negligently breached its duty to provide adequate security when it failed to protect Shaffer, an employee of Citizens Federal Savings and Loan [Bank], from an assault by the husband of another bank employee; and second, that Wells Fargo breached its contract with the bank when it failed to protect Shaffer, an intended third-party beneficiary to the contract, from the criminal assault.
I would resolve this case by addressing Count II, Shaffer's third-party beneficiary claim under the bank's contract with Wells Fargo. Shaffer maintains that the contract in question specifically contemplates the protection of the bank's employees from criminal assault, that he is a third-party beneficiary of the contract, and that Wells Fargo breached its contract by failing to protect him from the criminal assault of an attacker who was under the mistaken impression that Shaffer was romantically involved with the attacker's wife. Wells Fargo counters that the attack on Shaffer was unrelated to his banking duties and therefore not within the contemplation of the contract. It cites as authority the Bank Protection Act of 1968, 12 U.S.C.A. § 1882 (1968), which empowered Federal Banking Regulatory Agencies to promulgate rules and regulations regarding security devices to deter bank robberies  not domestic disputes.
The contract provides, in pertinent part: "The purpose of this Agreement is to establish a continuing relationship that is cooperative and confidential in nature; to help provide the Client with a system of protection for its assets and employees against certain hazards." (Emphasis supplied.) Under this provision, bank employee Shaffer is a third-party beneficiary of the contract. When a contract creates a right in favor of a third party, that person may sue for breach of contract. Weimar v. Yacht Club Point Estates, Inc., 223 So.2d 100 (Fla. 4th DCA 1969). A third-party beneficiary need not be specifically named if he is a member of a limited class intended to benefit from the contract. Technicable Video Sys., Inc. v. Americable of Greater Miami, Ltd., 479 So.2d 810 (Fla. 3d DCA 1985). Thus, like the insurance company employee who was a third-party beneficiary of his employer's contract with a security service, Cooper v. IBI Security Serv. of Fla., Inc., 281 So.2d 524 (Fla. 3d DCA), cert. denied, 287 So.2d 95 (Fla. 1973), Shaffer is a third-party beneficiary of the contract between the bank and Wells Fargo.
The applicable language of the contract does not define the "certain hazards" for which Wells Fargo agreed to furnish protection. "Unless the allegations in the pleading attacked show with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim," there is insufficient justification for granting a motion to dismiss for failure to state a claim. Midflorida Schools Fed. Credit Union v. Fansler, 404 So.2d 1178, 1180 (Fla. 2d DCA 1981). Thus, the complaint, viewed in the light most favorable to Shaffer, Midflorida Schools, should not have been dismissed insofar as it alleges breach of contract.
I find no merit in the contention that the exculpatory clause in the contract relieves Wells Fargo of liability. Although exculpatory clauses which relieve a party of his own negligence are generally looked upon with disfavor, Orkin Exterminating Co., Inc. v. Montagano, 359 So.2d 512 (Fla. 4th DCA 1978), such clauses have been upheld where the intent to avoid liability is clear *391 and unequivocal, Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972). I agree with Shaffer that the exculpatory clause in this contract does not clearly and unequivocally absolve Wells Fargo from liability. Unlike a similar clause found in Ace Formal Wear, Inc. v. Baker Protective Serv., Inc., 416 So.2d 8 (Fla. 3d DCA 1982),[1] the clause in the contract under consideration indicates that the parties purposefully omitted the very language which expressly limited liability in Ace Formal Wear. The removal of exculpatory language eviscerates Wells Fargo's argument that its liability is limited. See Mankap Enter., Inc. v. Wells Fargo Alarm Serv., 427 So.2d 332 (Fla. 3d DCA 1983); L. Luria & Son, Inc. v. Alarmtec Int'l Corp., 384 So.2d 947 (Fla. 4th DCA 1980).
As for the negligence count, Shaffer's complaint alleges facts not so foreseeable as to give rise to a duty to protect. See Stevens v. Jefferson, 436 So.2d 33 (Fla. 1983); Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), disapproved on other grounds, Avallone v. Board of County Comm'rs of Citrus County, 493 So.2d 1002 (Fla. 1986); Drake v. Sun Bank & Trust Co., 377 So.2d 1013 (Fla. 2d DCA 1979); Graham v. Great Atlantic & Pacific Tea Co., 240 So.2d 157 (Fla. 4th DCA 1970); Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969), cert. dismissed, 235 So.2d 294 (Fla. 1970); Wometco Theatres Corp. v. Rath, 123 So.2d 472 (Fla. 3d DCA 1960). But see Fincher Investigative Agency, Inc. v. Scott, 394 So.2d 559 (Fla. 3d DCA), review denied, 402 So.2d 609 (Fla. 1981); Cooper. Accordingly, I would affirm dismissal of the negligence count.
For these reasons, I would reverse as to Count II, and affirm as to Count I.

ON REHEARING
In our original opinion, we held that the only duty owed to Shaffer by Wells Fargo arose from a contract.[1a] In his motion for *392 rehearing, Shaffer suggests that by construing Wells Fargo's contractual undertaking to protect against "certain hazards" as one to protect against only those hazards "associated with carrying on [the] bank's business," we invite security guards to delay action to protect a bank employee until they first determine whether the assailant's motive is connected to the bank's business. We seriously doubt that Shaffer's concern is justified because the guard who fails to take prompt action does so at the risk of his employer's being held liable upon the court's post-hoc conclusion that the assailant's motive was indeed connected to the bank's business. Although such a post-hoc determination of the scope of duty may in certain instances fortuitously relieve the security company from liability, it cannot be seriously contended that the company will be led to breach its contract on the off chance that the assault will be unrelated to the bank's business. We remain confident that where there is the slightest possibility that the assault on an employee is connected to the bank's business, the security guard can reasonably be expected to act first and "determine" later.
Rehearing granted without argument; order of dismissal affirmed.
SCHWARTZ, C.J., concurs in the result.
BASKIN, Judge (dissenting on rehearing).
This case stands or falls on an interpretation of the "certain hazards" contemplated by the contract between the bank and its security provider. The majority opinion ignores the legal requirement that a party seeking dismissal must show that the plaintiff would not be entitled to relief under any set of facts which could be proved, Midflorida Schools Fed. Credit Union v. Fansler, 404 So.2d 1178, 1180 (Fla. 2d DCA 1981). When, as here, a contract does not define the "certain hazards" against which it is designed to protect, dismissal of the complaint is inappropriate. The complaint, viewed in the light most favorable to the plaintiff, alleges a valid claim.
The court takes the novel position that the security firm's legal obligation is determined by analyzing the assailant's motives. That view should offer little comfort to bank employees and customers who may have expected security guards to provide protection. The court excuses Wells Fargo from liability for failure to protect customers from people whose misconduct is not motivated by monetary gain, such as mentally unstable individuals, or those under the influence of mind-altering substances. The bizarre consequence of the opinion is that an assailant may attack bank patrons or employees, and the guards will have no obligation in contract to offer protection. It is only when the bank's business is in jeopardy that liability arises, according to the court; however, it is the parties who entered the contract, not the appellate court  their intent should be determined in the trial court. I would remand for that purpose. For these reasons, I would grant rehearing and, as indicated in my dissent to the initial opinion, would reverse as to Count II.
NOTES
[1] The clause in question here provides:

LIABILITY: It is understood that Wells Fargo is not an insurer; that insurance shall be obtained by Client, if any is desired; that the sums payable hereunder to Wells Fargo by Client are based upon the value of services offered and the scope of liability undertaken, and such sums are not related to the value of Client's interest protected or of property belonging to Client or to others located on Client's premises. While Wells Fargo will do its best to protect the assets and employees of Client, Wells Fargo makes no warranty, express or implied, that the services it furnishes will avert or prevent occurrences, or the consequences therefrom, which may result in loss or damage to the client. (The remaining portion of the clause is crossed out.)
The clause in Ace Formal Wear states:
It is understood that Wells Fargo is not an insurer; that insurance shall be obtained by Subscriber, if any is desired; that the sums payable hereunder to Wells Fargo by Subscriber are based upon the value of services offered and the scope of liability undertaken and such sums are not related to the value of property belonging to Subscriber or to others located on Subscriber's premises. Subscriber does not seek indemnity by this agreement from Wells Fargo against any damages or losses caused by hazards to Subscriber's property. Wells Fargo makes no warranty, expressed or implied, that the systems it installs or the services it furnishes will avert or prevent occurrences, or the consequences therefrom, which the systems and services are designed to detect. Subscriber agrees that Wells Fargo shall not be liable for any of Subscriber's losses or damages, irrespective of origin, to person or to property, whether directly or indirectly caused by performance or nonperformance of obligations imposed by this contract or by negligent acts or omissions of Wells Fargo, its agents or employees. The Subscriber does hereby waive and release any rights of recovery against Wells Fargo that it may have hereunder. It is agreed that if Wells Fargo should be found liable for any losses or damages attributable to a failure of systems or services in any respect, its liability shall not exceed the sum of $50.00 and Subscriber's sole remedy at law or in equity shall be the right to recover a sum within such limit. (Emphasis supplied.)
[1a] However harsh the rule may seem, there is no general affirmative obligation in tort to render assistance to a person being criminally assaulted. See Prosser & Keeton on the Law of Torts § 56, at 373-77 (5th ed. 1984); cf. Berdeaux v. City National Bank, 424 So.2d 594 (Ala. 1982) (bank not liable for assault on customer); Nigido v. First National Bank, 264 Md. 702, 288 A.2d 127 (1972) (same); Altepeter v. Virgil State Bank, 345 Ill. App. 585, 104 N.E.2d 334 (1952) (same); Annotation, 51 A.L.R.3d 711 (1971); compare Crosland v. New York City Transit Authority, 68 N.Y.2d 165, 498 N.E.2d 143, 506 N.Y.S.2d 670 (1986) (watching someone being beaten from a vantage point offering both safety and the means to summon help without danger is within the narrow range of circumstances which are actionable). Thus, there being no basis for tort liability, the scope of the security company's duty to Shaffer is entirely defined by the extent of the risk contemplated by the parties and undertaken in the contract. Hadley v. Baxendale, 9 Ex. 341, 156 Eng.Rep. 145 (1854); 5 A. Corbin, Contracts § 1019 (1964); Prosser § 92, at 659; 3 F. Harper, F. James & O. Gray, The Law of Torts § 18.6, at 726-32 (2d ed. 1986).