PER CURIAM.
This appeal arose out of a final judgment entered in favor of the defendant, Town of Palm Beach, following entry of an order which granted the defendant summary judgment.
We affirm the final judgment, and approve and adopt the trial court’s order, which reads, in part:
The Town of Palm Beach granted a permit to construct electrical facilities within the Town’s right-of-way. The Plaintiff, Anderson Tomblin, an employee of a sub-contractor conducting the work pursuant to the permit, alleges he was injured while working for the subcontractor within the Town’s right-of-way. Plaintiff alleges that the Town of Palm Beach is liable for his injuries in that the Town, in granting the permit, did so with modifications to the proposed construction. Plaintiff also alleges that the Town of Palm Beach owed a duty to Plaintiff to keep the right-of-way in a safe condition, and to warn him of dangerous conditions at the construction site. These and other allegations by Plaintiff are apparently intended to show a common law duty owed to Plaintiff, and to show that the actions of the Town of Palm Beach and its ageSts were operational activities which went beyond planning level decisions protected by the doctrine of sovereign immunity. Alternatively, Plaintiff suggests that the Town waived its sovereign immunity defense.
After due consideration of the pleadings and the depositions filed, while considering the facts in a light most favorable to the Plaintiff, the Court finds that the Town of Palm Beach did not act in an operational-capacity but only granted a permit and witnessed work by third parties. Further, under the circumstances of this ease as alleged, the Town owed no duty to the Plaintiff, and it did not waive its sovereign immunity. It appearing to the Court that there is no genuine issue as to any material fact as against this Defendant, it is
ORDERED AND ADJUDGED that Defendant’s Motion is hereby granted, and Summary Judgment entered in favor of the Defendant, Town of Palm Beach. Trianon Park Condominium v. City of Hialeah, 468 So.2d 912 (Fla.1985); Alderman v. Lamar, 493 So.2d 495 (Fla 5 DCA 1986).
ANSTEAD, GLICKSTEIN and GARRETT, JJ., concur.