561 So.2d 1215 (1990)
Charles WELLS, As Sheriff of Manatee County, Florida; State of Florida, Department of Transportation and Department of Highway Safety and Motor Vehicles, Division of Highway Patrol, Appellants,
v.
Sue Helen STEPHENSON, Individually and As Parent and Natural Guardian of Anne Liese Stephenson, and Sam J. Stephenson, Appellees.
No. 89-01978.
District Court of Appeal of Florida, Second District.
April 18, 1990.
*1216 Keith C. Tischler of Parker, Skelding, Labasky & Corry, Tallahassee, for appellant Charles B. Wells.
Daniel E. Scott, P.A., Sarasota, for appellants Department of Trans. and Dept. of Highway Safety and Motor Vehicles, Div. of Highway Patrol.
Susan J. Silverman of Peter S. Branning, P.A., and Robert J. Gill of Isphording, Korp, Payne, Muirhead, White & Horlick, Sarasota, for appellees.
Harry Morrison, Jr. of the Florida League of Cities, Inc., Tallahassee, as amicus curiae.
THREADGILL, Judge.
Charles Wells, as Sheriff of Manatee County, Florida, appeals a judgment entered against him following a jury trial in this personal injury case. The sheriff contends the trial court erred in finding that he owed a duty to the plaintiff to report, repair, or warn of a missing stop sign at an intersection where the injury occurred. We agree and reverse.
Sue Helen Stephenson and her minor daughter, Anne Liese, were injured in a collision between their automobile and another vehicle at the intersection of 44th Avenue and U.S. Highway 41 in Manatee County. This intersection is normally controlled by a stop sign and raised "stop" letters painted across 44th Avenue. The stop sign had been knocked down some thirty-six hours prior to this accident. Mrs. Stephenson, a newcomer to the area, failed to see the "stop" painted on the road. She entered the intersection, and was struck broadside. The Stephensons sued Wells, as Sheriff of Manatee County, the Department of Transportation (DOT), and the Florida Highway Patrol (FHP) for negligence in failing to discover, report, repair, replace, or warn of the missing sign, and in failing to maintain the intersection safely until the sign was replaced. A jury found that all three entities contributed to the Stephensons' injuries and awarded total damages of $850,000. This appeal concerns only the liability of the sheriff. Sheriff Wells contends the trial court erred in denying his motions for new trial, directed verdict, judgment notwithstanding the jury verdict, and to limit recovery.
The evidence at trial showed that the stop sign was knocked down before 2:00 A.M. on the morning of Friday, June 25, 1982. The Stephenson accident occurred about 1:15 p.m. the following day. Around 2:00 A.M. Friday morning, Manatee Sheriff's Deputy Rovegno came upon an empty van, with two flat tires, alongside U.S. 41 about 100 feet from the intersection at 44th Avenue. Rovegno noticed that reflector signs lining the shoulder of U.S. 41 had *1217 been damaged by the van, and radioed his dispatcher to notify the county that there were "road signs down." He did not remember if he noticed that the stop sign was down. Rovegno testified that he did not know if the van had been in an accident, but that because accidents on U.S. 41 are in the jurisdiction of the highway patrol, he also asked the dispatcher to contact the FHP.
The sheriff's dispatcher testified that Rovegno told her that there was an abandoned van with flat tires near the intersection, that reflector signs were down, and that she should leave a note to notify DOT on the following Monday. She left such a note and testified that this was normal notification procedure for reflectors, but that had she known that a traffic control sign, such as a stop sign was down, the standard procedure was to notify the county and DOT immediately.
The next day, Saturday, approximately two hours before the Stephenson accident, FHP Trooper Thomas Moore was told by an off-duty deputy sheriff that the stop sign was down. Moore reported this to an FHP dispatcher, who notified the sheriff's dispatcher who indicated that the information would be passed on. Later, as Moore investigated the Stephenson accident, he too noticed that the stop sign was down and again notified his dispatcher who contacted the Manatee County DOT. The sign was replaced during the investigation of the Stephenson accident. Deputy Sheriff Ed Kane told Moore during the investigation that he had noticed the night before that the sign was down and had requested that it be put back up.
The question presented on appeal is whether the sheriff had any duty of care to Mrs. Stephenson and her daughter regarding the stop sign. If the sheriff did not have a duty to report or repair or warn of the missing stop sign, then, as a matter of law, he cannot be negligent for failing to do so. See Rice v. Florida Power and Light Co., 363 So.2d 834, 839 (Fla. 3d DCA 1978), cert. den., 373 So.2d 460 (Fla. 1979).
On quite similar facts, the fifth district has held that there is no duty subjecting a law enforcement agency to liability for failure to report, repair, or warn of damaged traffic signs. In Alderman v. Lamar, 493 So.2d 495 (Fla. 5th DCA 1986), rev. den., 503 So.2d 326 (Fla. 1987), the complaint alleged that a leaning stop sign, damaged by an earlier accident, was the cause of a fatal automobile collision. The complaint alleged that a deputy sheriff who had investigated the earlier accident was negligent in failing to report the leaning stop sign and in failing to place it upright. The court upheld final judgment for the sheriff, finding that the sheriff owed no underlying duty to the decedent, and holding that there is no common law duty for anyone to advise or warn anyone else of a damaged traffic sign. Id. at 498. The officer's decision to report the damaged traffic sign, according to the court, was within his discretionary power to enforce compliance with the law and the duty to protect the public in general. Cf. Everton v. Willard, 426 So.2d 996 (Fla. 2d DCA 1983), approved, 468 So.2d 936 (Fla. 1985) (finding county not liable for deputy's failure to arrest an intoxicated motorist). The Alderman court also noted that the duty to protect is a general duty owed to the public as a whole. That the accident might have been prevented through reasonable law enforcement actions did not establish any duty to the decedent or a basis for tort liability for failure to act. 493 So.2d at 497. See Vickers v. Martin County Board of Commissioners, 545 So.2d 974 (Fla. 4th DCA 1989) (upholding dismissal of a complaint alleging that the sheriff had notice of a "knocked down" stop sign and failed to repair or replace it, resulting in a traffic fatality).
Cases holding an entity liable for failure to report, repair, or maintain a traffic control device are based on the premise that the entity had some duty, custody or control over the sign at the intersection. See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Custody and control over the stop sign at the intersection in this case, as in Commercial Carrier, rested with the DOT, not with the sheriff.
Appellees have not alleged or proved that the sheriff had custody or control over *1218 the sign nor that he created the dangerous conditions. See McFadden v. Orange County, 499 So.2d 920 (Fla. 5th DCA 1986) (holding county immune despite express knowledge of a dangerous condition at an intersection and failure to warn). Here, as was made clear in McFadden and Alderman, DOT had the sole authority to erect and maintain traffic signs, and the sheriff in no way created or contributed to the alleged dangerous condition. See § 335.09, Fla. Stat. (1987); City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982). There was therefore no operational duty of care owed to the plaintiffs by the sheriff. Id. The distinction between operational and policy functions of government is relevant to the waiver of sovereign immunity. Where, as here, there is no duty, there is no tort; sovereign immunity is not at issue.
Because the sheriff had no duty to report or repair the downed stop sign or to warn motorists that it was missing, he cannot be found liable for breach of such duty. See, e.g., Collom; Shaffer v. Wells Fargo Guard Services, 528 So.2d 389 (Fla. 3d DCA 1988), rev. den., 534 So.2d 401 (Fla. 1988). The trial court therefore erred in entering final judgment against the sheriff.
Reversed.
CAMPBELL, C.J., and SCHOONOVER, J., concur.