568 So.2d 931 (1990)
Pamela Anne ST. GEORGE, as Personal Representative of the Estate of Bruno Cattoretti, Appellant,
v.
CITY OF DEERFIELD BEACH, a Municipality of the State of Florida, Appellee.
No. 87-2489.
District Court of Appeal of Florida, Fourth District.
August 8, 1990.
Rehearing and Certification Denied November 13, 1990.
David & French, P.A., Boca Raton and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Robert H. Schwartz of Gunther & Whitaker, P.A., Fort Lauderdale, for appellee.

ON REHEARING
PER CURIAM.
On cross-motions for rehearing, we deny the motion of appellee City of Deerfield Beach (City), and grant, in part, the motion of appellant (St. George). We substitute the following for our opinion of August 2, 1989:
This is an appeal in a wrongful death action from final summary judgment in favor of a municipality whose police, fire department paramedics and 911 emergency service were alleged to have been negligent. We affirm as to the police, but reverse *932 as to the paramedics and the 911 emergency service.
Two days after her divorce the appellant/ex-wife called the Deerfield Beach Police at 7 p.m. to report that her ex-husband was at the former marital home, drunk, very upset, creating a domestic disturbance, and refusing to seek medical attention for a bleeding mouth, attributed to a tooth extraction earlier the same day. The police responded, but took no action other than to suggest that she leave the house for a while until the ex-husband calmed down.
The ex-husband continued to drink. Between 8:30 p.m. and 9 p.m. he fell asleep. At that point the ex-wife left the house to visit a friend. When she returned, about midnight, she found blood everywhere. Over an hour later she called the 911 operator. The paramedics responded at 1:20 a.m. The ex-husband was obviously drunk and bleeding, but he absolutely and continually refused examination or treatment. The paramedics were of the opinion that he needed hospitalization. They left with his signed release, saying they should be called back if the situation worsened, in which circumstances they would return.
About twenty minutes later, the ex-wife called the 911 service, saying her former husband's condition had worsened, and that he had threatened to kill her. It is admitted that the 911 operator mishandled this call and failed to dispatch the police or paramedics to the scene.
As time wore on, the decedent's daughters and ex-wife heard him alternately coughing and snoring, and thought he would be all right. Early the next morning they found him dead. A subsequent autopsy showed that the cause of death was from gastrointestinal hemorrhaging, which, rather than the cavity created in his mouth by the tooth extraction, was the source of the bleeding.
The trial court did not state the reason for granting summary final judgment to the defendant. The parties agree that the issue was sovereign immunity.
In affirming the summary judgment with respect to the conduct of the police, we conclude that governmental immunity attaches to their decision not to take the decedent into custody. Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912, 919 (Fla. 1985) (Discretionary power to enforce compliance with law and to protect the public safety is a Category II governmental function involving no common law duty of care to an individual); Everton v. Willard, 468 So.2d 936 (Fla. 1985).
We believe that the function of municipal paramedics falls into Trianon Park's, Category IV  provision of professional, educational and general services for the health and welfare of citizens, comparable to those performed also by private persons  and is therefore not protected by sovereign immunity. See 468 So.2d at 921. We therefore reverse the summary judgment as to the conduct of the paramedics at the present plaintiff's home, and remand for further proceedings.
Our reversal as to the 911 emergency service arises from the appearance that a special relationship came into being when the ex-wife completed her second 911 call. Everton mentions the possibility of a special relationship creating a duty of reasonable care, coming into being between an individual and a governmental entity, and uses as an example the duty of police to protect an informant who is placed in danger because of his assistance to them.
As we find no Florida cases that are on all fours with the instant situation, we look for guidance to other jurisdictions. A judgment for damages on account of negligent processing of and response to a call for emergency assistance was affirmed in DeLong v. County of Erie, 60 N.Y.2d 296, 469 N.Y.S.2d 611, 457 N.E.2d 717 (1983). It was surmised the burglary and ultimately murder victim remained at home and did not seek other help because her 911 call was not refused; rather, she was assured of ready assistance.
In Chambers-Castanes v. King County, 100 Wash.2d 275, 669 P.2d 451 (1983), a judgment dismissing a suit against the *933 county was reversed where, although eleven calls for assistance were made after a husband and wife driving in the area were beaten, and operators gave assurance that officers had been sent, it took the police some eighty minutes to arrive on the scene. An actionable duty of police to an individual was said to arise when some form of privity has arisen between the police and that person which sets that person apart from the general public, and where assurances, explicit or implicit have been given, upon which the person relies.
We are aware that governmental immunity was said to apply in similar circumstances in Galuszynski v. City of Chicago, 131 Ill. App.3d 505, 86 Ill.Dec. 581, 475 N.E.2d 960 (1985). However, in light of the fact that the principle of law stated in Chambers-Castanes is based in part on pronouncements found in Florida cases, we think the law of Florida corresponds to that of New York and Washington. The Florida cases relied on by the Chambers-Castanes court are City of Tampa v. Davis, 226 So.2d 450, 454 (Fla. 2d DCA 1969) (municipality liable in tort under doctrine of respondeat superior for agent or employee's performance or nonperformance of executive or administrative duty only when municipal agent or employee in privity, dealing, or in contact with tort victim), and Sapp v. City of Tallahassee, 348 So.2d 363, 365-66 (Fla. 1st DCA), cert. denied, 354 So.2d 985 (Fla. 1977) (city not liable, as this is not a case where police authorities undertook a responsibility to particular members of public, exposing them without protection to risk resulting in actual injury).
GLICKSTEIN and POLEN, JJ., concur.
LETTS, J., dissents without opinion.