573 So.2d 406 (1991)
Imogene Fern COOK, As Personal Representative of the Estate of Altia Leo Cook, Deceased, and the Collier County Board of County Commissioners, a Political Subdivision of the State of Florida, Appellants,
v.
The SHERIFF OF COLLIER COUNTY, Appellee.
Nos. 90-01099, 90-01109.
District Court of Appeal of Florida, Second District.
January 23, 1991.
*407 Frederick R. Hardt of Hardt & Stewart, Naples, for appellant, Imogene Fern Cook.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., for appellant, The Collier County Bd. of County Com'rs.
Keith C. Tischler and Julius F. Parker, Jr., of Parker, Skelding, Labasky & Corry, Tallahassee, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Imogene Fern Cook, as personal representative of the estate of her husband, Altia Leo Cook, challenges a final order dismissing a wrongful death action filed against the appellee, the Sheriff of Collier County, Florida (sheriff). The appellant, Collier County Board of County Commissioners (county) challenges the dismissal of its cross-claim seeking contribution and indemnity against the sheriff. We reverse.
This action arose out of a motor vehicle accident at a particular intersection in Collier County, Florida. Mrs. Cook's husband died as a result of the accident.
Mrs. Cook filed a wrongful death action against the sheriff and several other defendants. The county filed a cross-claim against the sheriff seeking contribution and indemnity. The second amended complaint alleged generally that two days prior to the accident a local resident had called 911 and alerted the operator that the stop sign at the intersection in question had been knocked over. The complaint also *408 alleged that the sheriff's office, which had undertaken the operation of the 911 system in the county, failed to relay the information to the Department of Transportation and the sign was, accordingly, not repaired. The complaint alleged further that had the stop sign been repaired the accident would not have occurred. The trial court granted the sheriff's motion to dismiss the complaint for failure to state a cause of action and because the cross-claim was based upon the sheriff's liability, the cross-claim was also dismissed. The appellants each filed timely notices of appeal from the final orders dismissing the action against the sheriff and the county's cross-claim with prejudice. This court consolidated the appeals.
The sole question involved in this appeal is whether the amended complaint states a cause of action against the sheriff. If it does, and we so hold, the complaint and the cross-claim must be reinstated.
In order to allege a cause of action for negligence, such as the wrongful death action herein, it is necessary to allege: (1) the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff; (2) a failure on the part of the defendant to perform that duty; and (3) an injury or damage to the plaintiff proximately caused by such failure. Angell v. F. Avanzini Lumber Co., 363 So.2d 571 (Fla. 2d DCA 1978); Simon v. Tampa Elec. Co., 202 So.2d 209 (Fla. 2d DCA 1967). See also Tieder v. Little, 502 So.2d 923 (Fla. 3d DCA 1987); Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983). In this case, the appellee contends that there was no allegation establishing the existence of a duty.
A motion to dismiss for failure to state a cause of action is not a substitute for a motion for summary judgment, and in ruling on such a motion we are confined to a consideration of the allegations found within the four corners of the complaint. Thompson v. Martin, 530 So.2d 495 (Fla. 2d DCA 1988). Furthermore, all material allegations of the complaint are taken as true, and the court is not permitted to speculate as to whether the allegations will ultimately be proven. Maciejewski v. Holland, 441 So.2d 703 (Fla. 2d DCA 1983).
We agree with the appellee's contention that the sheriff is generally not under a common law or statutory duty to report the sign condition, repair it, or warn motorists of it, where, as in this case, he did not have the right to control or possess the intersection, roads, or stop sign and did not create the dangerous condition. Wells v. Stephenson, 561 So.2d 1215 (Fla. 2d DCA 1990); Alderman v. Lamar, 493 So.2d 495 (Fla. 5th DCA 1986), rev. denied, 503 So.2d 326 (Fla. 1987). In Wells, we concluded that because the sheriff had no duty to report or repair the downed stop sign or to warn motorists that it was missing, he could not be found liable for breach of such duty. Mrs. Cook alleged, however, in her second amended complaint that according to the state of Florida and the Collier County 911 Plans and section 365.171, Florida Statutes (1985), the sheriff had a duty to relay the information concerning the sign because this was an established procedure contained in the plans. Although we do not find such a duty in section 365.171, we cannot determine whether the individual plans establish such a duty because they are not in the record and apparently were not reviewed by the trial court. Since Mrs. Cook alleged a duty based upon the plans and we must accept all allegations of the complaint as true, Mrs. Cook stated a cause of action, and we, accordingly, reverse.
Reversed and remanded with instructions to reinstate the complaint and cross-claim.
HALL and PATTERSON, JJ., concur.