583 So.2d 396 (1991)
CHARLES WALLACE CO., INC., Appellant,
v.
ALTERNATIVE COPIER CONCEPTS, INC., a Florida Corporation, and Thomas M. Generalli, individually, Appellees.
No. 90-03597.
District Court of Appeal of Florida, Second District.
July 24, 1991.
*397 James D. Murray, Lakeland, for appellant.
Henry J. Kulakowski, Jr., Clearwater, for appellees.
PER CURIAM.
Appellant[1] seeks review of an order which dismissed with prejudice its amended complaint for failure to state a cause of action. We reverse, concluding that appellant sufficiently pleaded all of the elements of the cause of action for intentional interference with a business relationship or expectancy.
In reviewing an order dismissing a complaint for failure to state a cause of action, the appellate court must assume that all well pleaded allegations of the complaint are true and determine whether the plaintiff is entitled to relief under any state of facts. Midflorida Schools Federal Credit Union v. Fansler, 404 So.2d 1178 (Fla. 2d DCA 1981). In its amended complaint, appellant alleged the following facts. GECC offered to sell appellant several copying machines and requested appellant to bid. Appellant did bid, and GECC advised appellant that it had submitted the winning bid. GECC and appellant agreed on a price and that the equipment would be released for shipment in increments from various locations and would be delivered within ten days after receipt of appellant's cashier's check. GECC and appellant agreed on the first fifteen machines to be shipped. Appellant contacted appellee Generalli who was acting on behalf of appellee Alternative Copier Concepts, Inc., and proposed to sell a large number of copiers to Alternative which appellant was purchasing from GECC. Appellant and appellees were negotiating the terms of the purchase. Appellees informed appellant that it had obtained a letter of credit and requested information regarding the initial shipment and asked appellant from whom appellant was receiving the equipment. Appellant disclosed to appellees that GECC was the supplier. Appellees then contacted GECC directly and purchased a large number of machines from GECC which appellant was in the process of purchasing. Appellees' actions directly damaged appellant.
The elements of the tort of interference with a business relationship or expectancy are the following: (1) the existence of a business relationship under which the claimant has legal rights; (2) the defendant's intentional and unjustified interference with that relationship; and (3) damages to the claimant as a result of the breach of the business relationship. Security Title Guarantee Corp. v. McDill Columbus Corp., 543 So.2d 852 (Fla. 2d DCA 1989). The business relationship does not have to be the product of an enforceable contract. Instead, an action for intentional interference with a business relationship or expectancy will lie if the parties' understanding would have been completed if the defendant had not interfered. Landry v. Hornstein, 462 So.2d 844 (Fla. 3d DCA 1985). Appellant alleged facts sufficient to plead a cause of action for intentional interference with a business expectancy. Accordingly, this court reverses the order dismissing the amended complaint and remands this matter to the trial court for proceedings consistent with this opinion.
Reversed and remanded.
SCHEB, A.C.J., and RYDER and PATTERSON, JJ., concur.
NOTES
[1] Steve Wallace Co., Inc., was the plaintiff in the trial court. On appeal, it filed a motion to have Charles Wallace Co., Inc., the real party in interest, substituted in its stead. This court granted the motion.