PARKER, Judge.
Appellants seek review of the trial court’s order granting motions to dismiss with prejudice the third amended complaint against the Polk County Sheriff’s Department and Polk County. We reverse, concluding that the appellants have stated causes of action against the sheriff and the county.
The common allegations in the complaint before this court are incorporated into four counts: count one, the estate’s negligence claim against the sheriff’s office; count two, Lesua Wiggs' negligence claim against the sheriff’s office; count three, the estate’s negligence claim against the county; and count four, Lesua Wiggs’ negligence claim against the county.
As to the wrongful death actions of the estate and Wiggs, there were the following common allegations. The deceased was traveling north on a state road at night and came upon a burned, abandoned Ford Pinto illegally parked less than two feet from the eastern edge of the roadway. The Pinto’s position and condition prevented the deceased’s unobstructed use of the roadway. A large truck approached from the opposite direction, and at the point of the illegally parked Pinto, the deceased collided with the truck, resulting in her death.
In their complaint, the appellants alleged that the sheriff knew of the abandoned vehicle for at least thirteen days, inspected the vehicle, and failed to remove it from its dangerous position “as required by its own policies and by §§ 705.103 and 316.194, Florida Statutes." The appellants alleged that the county knew that the vehicle was abandoned in a dangerous position. The appellants also alleged that the vehicle's presence constituted a hazardous condition for a sufficient length of time for the county to act and that they failed to remove it “as required by §§ 705.103 and 316.194, Florida Statutes, and as required by its own policies.”
Both the sheriff and the county alleged in their motions to dismiss and before this court that the statutes cited in the appellants’ complaint do not impose a duty upon the sheriff or the county to remove abandoned vehicles and that there is no common law of responsibility to remove abandoned vehicles from the side of the road. We agree; however, in Cook v. Sheriff of Collier County, 573 So.2d 406, 408 (Fla. 2d DCA 1991), which involved duties of a sheriff when an intersection stop sign is missing, this court stated:
We agree with the appellee’s contention that the sheriff is generally not under a common law or statutory duty to report the sign condition, repair it, or warn motorists of it, where, as in this *1333 case, he did not have the right to control or possess the intersection, roads, or stop sign and did not create the dangerous condition. Wells v. Stephenson, 561 So.2d 1215 (Fla. 2d DCA 1990); Alderman v. Lamar, 493 So.2d 495 (Fla. 5th DCA 1986), rev. denied, 503 So.2d 326 (Fla.1987). In Wells, we concluded that because the sheriff had no duty to report or repair the downed stop sign or to warn motorists that it was missing, he could not be found liable for breach of such duty. Mrs. Cook alleged, however, in her second amended complaint that according to the state of Florida and the Collier County 911 Plans and section 365.171, Florida Statutes (1985), the sheriff had a duty to relay the information concerning the sign because this was an established procedure contained in the plans. Although we do not find such a duty in section 365.171, we cannot determine whether the individual plans establish such a duty because they are not in the record and apparently were not reviewed by the trial court. Since Mrs. Cook alleged a duty based upon the plans and we must accept all allegations of the complaint as true, Mrs. Cook stated a cause of action, and we, accordingly, reverse.
Because the appellants have alleged in their complaint that the sheriff and the county were aware of this vehicle, that it constituted a dangerous obstruction to the deceased’s use of the roadway, and that the policies of both the sheriff and the county required removal of the vehicle, we conclude Cook establishes that the appellants have stated causes of action against the sheriff and the county, and we reverse the dismissal of the complaint.
Reversed and remanded for proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and HALL, J., concur.