708 So.2d 1013 (1998)
Sandra H. LASKEY, Individually and as Personal Representative of the Estate of George Douglas Laskey, III, Appellants,
v.
MARTIN COUNTY SHERIFF'S DEPARTMENT, Appellee.
No. 97-1196.
District Court of Appeal of Florida, Fourth District.
April 1, 1998.
Robert H. Schott, Stuart, for appellants.
Alexis M. Yarbrough of Purdy, Jolly & Giuffreda, P.A., Fort Lauderdale, for appellee.
*1014 STONE, Chief Judge.
We affirm a final order dismissing Appellant's cause of action against the sheriff for negligence in failing to timely forward a 911 call. Appellant's husband was killed in a head-on collision with another vehicle proceeding the wrong way on a limited access interstate highway. Several minutes prior to the accident, an unidentified 911 caller reported that a vehicle was heading south in a northbound lane of that road. Appellant alleged that the sheriff's office, in operating the 911 service, had a duty to "dispatch" law enforcement personnel in response to the call and breached that duty by not following its own procedures. The trial court dismissed the claim for failure to state a cause of action because the complaint did not allege a duty to a particular individual but rather to the general public. Appellant now contends that she was not required to plead a special relationship between her husband and the sheriff's office because the operation of a 911 response system is a category IV operational function of the government.
In weighing whether the government may be subject to suit for negligence in performing this function, we apply the standards set forth in Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985). Trianon Park divided governmental functions into the following four categories for sovereign immunity purposes: (I) legislative, permitting, licensing, and executive officer functions; (II) enforcement of laws and the protection of the public safety; (III) capital improvements and property control operations; and (IV) provision of professional, educational, and general services for the health and welfare of citizens. Id. at 919. To impose governmental tort liability, there must first be an underlying common law or statutory duty of care with respect to the negligent conduct. Id. at 917. Category I and II functions do not have a common law duty of care, and liability may be imposed only where a special relationship exists between the government actor and the tort victim. Id. at 921; Everton v. Willard, 468 So.2d 936 (Fla.1985). As such, law enforcement personnel generally owe no duty to members of the public at large. Everton, 468 So.2d at 938. No common law duty exists, absent a special relationship, for one person to come to the aid of another or to intervene in the misconduct of a third person to prevent the possibility of harm to another. See Trianon Park, 468 So.2d at 918. Thus, if a 911 service constitutes a category II function, the sheriff's office here owed Appellant's husband no duty unless a special relationship existed. If, however, the 911 service constituted a category IV operational function, the sheriff's office could be liable for its alleged negligent failure to follow its established procedures.
We have considered and reject Appellant's assertion that because a 911 service relays medical emergency calls as well as those regarding fires or violations of law, the 911 emergency service is more closely analogous to a category IV health and welfare service than to a category II function. We find that the operation of a 911 emergency call system is part of the law enforcement and protection of public safety service provided by a sheriff's office and therefore falls within category II. Any duty to relay calls regarding traffic offenders is a duty owed the public as a whole and not to any third party who may subsequently be injured by the act of the traffic offender. See generally Everton, 468 So.2d at 938; St. George v. City of Deerfield Beach, 568 So.2d 931 (Fla. 4th DCA 1990); Hartley v. Floyd, 512 So.2d 1022 (Fla. 1st DCA 1987). To hold otherwise would result in liability being imposed in absurd scenarios. This is not to say that there may not be circumstances in which liability will be imposed for breach of duty in the operation of a 911 system where, for example, a duty to the caller is created by virtue of the content of the communications. See St. George, 568 So.2d at 932-33. However, such is not the case here. Thus, Appellant was required to plead a special relationship.
We note that in Cook v. Sheriff of Collier County, 573 So.2d 406 (Fla. 2d DCA 1991), the court determined that the sheriff's failure to act in response to 911 information that a stop sign had been knocked down constituted an actionable breach of a duty of care. Although the trial court here considered this *1015 case distinguishable from Cook, the two are sufficiently similar for us to acknowledge conflict.
Therefore, the order of dismissal is affirmed.
GUNTHER and SHAHOOD, JJ., concur.