528 So.2d 413 (1988)
Thomas WARREN, Appellant,
v.
PALM BEACH COUNTY, Appellee.
No. 87-0389.
District Court of Appeal of Florida, Fourth District.
June 8, 1988.
Rehearing Denied August 12, 1988.
*414 Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellant.
Michael B. Davis of Davis, Hoy & Diamond, West Palm Beach, for appellee.
Rehearing En Banc Denied August 12, 1988.
PER CURIAM.
Appellant, Thomas Warren, plaintiff below, appeals from a final judgment in favor of appellee, Palm Beach County, finding appellee not liable in a personal injury action.
On June 4, 1978, appellant dove into Lake Osborne and suffered a spinal column injury rendering him a quadriplegic. In his complaint appellant alleged, inter alia, that he had made a shallow dive into the lake near the shoreline where the water appeared to get deeper, but that the appearance of depth was actually an illusion in that because of a "mucky or murky condition" the color of the water changed from light blue or green at the shoreline to a "deep and/or bluish color" within three to six feet of shore. He struck the bottom of the lake and was paralyzed. Appellant also alleged that Palm Beach County had maintained the lake as part of a park open to the public without giving any warning about the hazardous diving conditions.
Upon motion, a summary judgment was entered in favor of the county which was reversed in an earlier appeal to this court. Warren v. Palm Beach County, 467 So.2d 460 (Fla. 4th DCA), rev. denied, 478 So.2d 54 (Fla. 1985). Thereafter, the suit was tried before a jury which ultimately rendered a verdict finding the county not negligent. On appeal, appellant contends that the lower court reversibly erred in instructing the jury that appellant had to prove that the county had "created" a known dangerous condition.
Appellant agrees that the disputed instruction was in accordance with language in City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982), but contends that two subsequently-decided supreme court cases, Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla. 1986), and Butler v. Sarasota County, 501 So.2d 579 (Fla. 1986), broadened the holding of Collom so as to make the instruction given below erroneous.
In Avallone the plaintiff sued the county for negligent operation of a park/swimming facility. The plaintiff was injured when she was pushed from a dock at the county facility and her claim was based on the county's failure to provide *415 lifeguards at the facility. The county claimed sovereign immunity, but the court held:
A government unit has the discretionary authority to operate or not operate swimming facilities and is immune from suit on that discretionary question. However, once the unit decides to operate the swimming facility, it assumes the common law duty to operate the facility safely, just as a private individual is obligated under like circumstances.
493 So.2d at 1005 (emphasis added).
In Butler the plaintiff's decedent drowned at a county beach where the ocean contained strong tides and currents and where the underlying lands contained dropoffs. The plaintiff alleged that the county had been negligent in failing to post warning signs and failing to provide lifeguards. Again, the question was whether the county could claim sovereign immunity. The supreme court held it could not, and stated: "The duty of care is no different for a public owner than a private owner. In this instance, the public owner did not create the specific dangerous condition but did create a designated swimming area where the dangerous condition existed." 501 So.2d at 579 (emphasis added).
In the present case appellant made a motion for a new trial and advised the court of both the Avallone and Butler decisions. The trial court determined, however, that those cases were distinguishable from the present case because Palm Beach County was not operating a swimming facility at Lake Osborne. At the time of appellant's accident the county had in effect Ordinance No. 76-9, which provided, inter alia, as follows:
No person regardless of age or manner of dress shall swim, bath, or wade in any waters or waterways in or adjacent to any park, except in such waters and at such places as are provided therefor, and in compliance with such regulations as to hours of the day and safety limitations for such use as set by the Board or their official representative. Areas where swimming is permitted will be designated by official signs and markings.
In fact, there was evidence that at the time of appellant's accident there were no signs permitting swimming or diving, and rangers whose duty it was to patrol the park had instructions to discourage or prevent swimming.
We agree with appellant that the meaning of the word "create" is not as restricted as appellee contends, and that under Avallone and Butler it would not be necessary for a governmental entity to specifically create a dangerous physical condition in order to raise a duty to warn. We agree with the trial court, however, that Avallone and Butler are distinguishable from the present case, and conclude that the county here could not be held liable since it did not create a designated swimming area. It matters not that there was some evidence that in spite of the ordinance the lake was commonly used for boating and water-skiing, and that there were no signs posted which specifically prohibited swimming and diving. Since the county did not designate Lake Osborne as a swimming area and did not in any manner contribute to the condition of the water or the lake bottom alleged to have presented an illusion of depth, it cannot be held liable to appellant.
Also worthy of note, as addressed at length in Saga Bay Property Owners Association v. Askew, 513 So.2d 691, 692-693 (Fla. 3d DCA 1987), is the fact that a private owner of a natural or artificial body of water, not held out as a swimming facility, is not liable for dangerous conditions therein.
It is also argued that this court's earlier opinion reversing the summary judgment for the county inherently established that "the County's activities, ownership, maintenance and operation of the lake and park facilities, were operational-level activities for which the County could be held answerable and negligent." Appellant argues that this established the law of the case, precluding the trial court from giving the disputed instruction. This argument is without merit. This court's previous opinion in Warren, 467 So.2d at 460, merely held that there were genuine issues of material *416 fact which precluded summary judgment.
AFFIRMED.
HERSEY, C.J., GLICKSTEIN, J., and TOBIN, DAVID L., Associate Judge, concur.