LEHAN, Acting Chief Judge.
This appeal involves whether and under what circumstances a town may be found to have had a duty of care to a plaintiff who was injured from a hidden danger on land which, while within the town’s boundaries, was owned by a county. We reverse the summary judgment which in effect determined that no such duty could be found to exist in this case.
A minor plaintiff and his parents appeal from a summary judgment in favor of defendant, Town of Longboat Key (hereafter “the town”), in this suit for personal injuries. The injuries are alleged to have resulted from the minor plaintiff’s use of a rope swing hanging from a tree on the shoreline of an area within the town’s boundaries known as “Beer Can Island.” (Actually a peninsula, the area will hereafter be referred to as an island.) Manatee County, which is also a defendant and whose summary judgment motion was denied by the trial court, is the owner of the island. While using the swing for the first time, the minor plaintiff is alleged to have dived into the water and to have been injured upon hitting either the shallow bottom or submerged debris.
Plaintiffs contend that because the town exercised control over the island, including the swing, the town breached a duty of care owed to the minor plaintiff by failing to warn of the danger from the swing and failing to maintain the area in a reasonably safe condition. In opposition to the town’s motion for summary judgment plaintiffs presented evidence indicating that the town had long been aware of the use of the swing by the public and of its danger, had undertaken to regulate the use of the island and the swing, and had failed to either eliminate the danger from the swing or to warn plaintiff about it.
We reverse because we conclude that there are issues of fact concerning the town’s control over the swing which could be resolved so as to establish a duty of care of the town under the circumstances of this case, as we will explain.
The town had purchased a substantial amount of liability insurance apparently covering claims of the type involved here. Therefore, there appears to be no question that any sovereign immunity was waived to that extent. See Kaisner v. Kolb, 543 So.2d 732, 738 (Fla.1989); Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002, 1004-05 (Fla.1986).[1] However, that does not mean that the town is exposed to liability. The sovereign immunity issue “does not even arise until it is determined that a [governmental] defendant otherwise owes a duty of care to the plaintiff....” Kaisner, 543 So.2d at 734 (quoting Williams v. State, 34 Cal.3d 18, 22, 192 Cal.Rptr. 233, 235, 664 P.2d 137, 139 (1983), quoting, in turn, Davidson v. City of Westminister, 32 Cal.3d 197, 185 Cal.Rptr. 252, 649 P.2d 894 (1982)). See also Brown v. City of Pinellas Park, 557 So.2d 161 (Fla. 2d DCA 1990).
In cases of this kind liability may exist from injuries to a public invitee which prox *782 imately resulted from defendant’s breach of a duty of care with respect to a hidden danger of which defendant had been on notice. We conclude that there are in this case at least clear issues of fact as to the existence of such a danger, as to the minor plaintiff being a public invitee, and as to the injuries to him proximately resulting from a breach by the town of such a duty if the town had such a duty. The determinative point before us is whether the summary judgment properly ruled in effect that there is no issue of fact which could be resolved in a way which would establish such a duty of the town. A summary judgment is improper if there is “even the slightest doubt that an issue might exist.” Gomes v. Stevens, 548 So.2d 1163, 1164 (Fla. 2d DCA 1989).
We agree with plaintiffs that the general rule is, as stated in Trianon Park Condominium Assoc. v. City of Hialeah, 468 So.2d 912, 921 (Fla.1985), “[Ojnce a governmental entity builds or takes control of property or an improvement, it has the same common law duty as a private person to properly maintain and operate the property.” (Emphasis added.) Application of that rule is illustrated by City of Tamarac v. Garchar, 398 So.2d 889, 892, 894 (Fla. 1st DCA 1981) (en banc). Garchar was a personal injury case in which plaintiffs automobile had struck a boulder placed by a private developer in a dangerous location on a median strip dividing a county road. The First District Court of Appeal held in that ease that from the continued presence of the boulder on the strip there was a violation by defendant city of a duty of care because the evidence showed that the city had exercised control over the strip.
The town in this case strongly argues that it did not have a duty because it did not exercise control over the island, the swing, or the adjacent water area. However, there was deposition evidence indicating that the town maintained a so-called “beach patrol” comprised of off-duty police officers who regularly patrolled the island on weekends and holidays and that on several prior occasions officers on those patrols ordered persons not to use the swing because it was dangerous and on other occasions had told persons using the swing to remove it from the tree. Also, it is undisputed that the town emptied trash barrels located on the island, built a walkway providing access to the area over sand dunes, posted a sign and published a map advising the public of access to the island, and enacted ordinances restricting the hours the public was permitted to use the island and prohibiting certain types of activities there. (The ordinances do not appear to either prohibit or permit swimming on the island.) Accordingly, we conclude that summary judgment should have been precluded by the above-described determinative point. That is, we conclude that there is an issue of fact as to whether the town exercised control over the island, including the swing, so as to place upon it a duty of care to the minor plaintiff. See Garchar.
We recognize that, as the town argues, there was no evidence that the town, which did not own the island, controlled, or had ever exercised control over, the condition of the area below the surface of the water where the minor plaintiff dove. Thus, the town argues that under Warren v. Palm Beach County, 528 So.2d 413 (Fla. 4th DCA 1988), no duty of care was owed to the minor plaintiff. The plaintiff in Warren sustained injuries when he dove into the murky waters of a lake and struck the shallow bottom. The Fourth District Court of Appeal held that defendant county in that case had no duty to warn of the danger to divers. The Fourth District’s reasoning was that, “[sjince the county did not designate [the lake] as a swimming area and did not in any manner contribute to the condition of the water or the lake bottom alleged to have presented an illusion of depth, it cannot be held liable to appellant.” Id. at 415.
However, in Warren, in apparent trast to the facts in this case, not onl ■ • there in effect an ordinance enacted bv the county prohibiting swimming in the area but also there apparently was in that case no question that control was not exercised *783 by the county over any instrumentality by which plaintiff was exposed to the danger below the surface of the water. While, as the town argues in this case, there was no evidence that the town controlled the condition of the area below the surface of the water, it was not that area per se which created the alleged danger. It was the instrumentality by which that area became dangerous, to wit, the swing which was used for diving into the water. Accordingly and notwithstanding Warren, we adhere to our conclusion that the issues of fact which we have described above should have precluded the summary judgment.
The town also forcefully argues that the evidence shows that Manatee County, the owner of the island, conducted and had responsibility for the maintenance of the island and in fact had exercised control over the swing. However, that does not eliminate the issue of fact as to whether the town exercised control so as to place upon it a duty of care. See also Arias v. State Farm Fire & Casualty Co., 426 So.2d 1136, 1138 (Fla. 1st DCA 1983); City of Pensacola v. Stamm, 448 So.2d 39, 42 (Fla. 1st DCA 1984). There also may be issues of fact as to whether one or the other, or both, of the town and the county had a duty of care to the minor plaintiff.[2]
Reversed and remanded for proceedings consistent herewith.
PATTERSON and ALTENBERND, JJ., concur.

. Plaintiffs appear to have agreed to limit the maximum amount of any judgment against the town to the amount of that coverage.
The statutory amendment dated June 30, 1987 purporting to retroactively defeat the waiver of sovereign immunity effected by the purchase of insurance coverage as announced in Avatlone does not apply to this case in which the cause of action arose prior to that date. See Kaisner, 543 So.2d at 738.

. Another, related basis for a duty of care argued by plaintiff for the first time at oral argument, citing Andrews v. Dept. of Natural Resources, 557 So.2d 85 (Fla. 2d DCA 1990), was to the effect that the island had been held out by the town to the public as a swimming area. (In their briefs plaintiffs had cited Andrews in response to the town’s argument regarding sovereign immunity as to which, as we have said, there does not appear to be an issue in this case.) Andrews, in discussing both sovereign immunity and duty, attributed a duty of care to defendant in that case if upon remand an issue of fact were resolved so as to show that the area involved had been held out by defendant to the public as a swimming area. (The existence of that issue in Andrews appears to distinguish that case from Warren.) This argument concerning the island having been held out ás a swimming area not having been made in plaintiffs’ briefs in this case, we do not further address it here.