555 So.2d 1234 (1989)
DSA GROUP, INC., a Florida Corporation, Appellant,
v.
Lawrence GONZALEZ, Individually, d/b/a 620 Madison Ltd., an Unregistered Limited Partnership, Appellee.
No. 88-03512.
District Court of Appeal of Florida, Second District.
October 20, 1989.
Diana L. Fuller and Stephen M. Armstrong of Smith & Fuller, P.A., Tampa, for appellant.
Dennis R. Ferguson and Henry E. Valenzuela of Stagg, Hardy & Yerrid, P.A., Tampa, for appellee.
LEHAN, Judge.
We affirm the judgment in favor of defendant in this suit for breach of a contract for payment for engineering and architectural services performed by plaintiff in connection with the development of certain real property. We cannot conclude that there was insufficient competent evidence on the basis of which the trial court could, and did, determine that defendant was not to be personally liable under the contract which plaintiff prepared and which defendant signed as purported president of a nonexistent limited partnership "or assigns." That evidence was properly admitted in this case. See Landis v. Mears, 329 So.2d 323, 326 (Fla. 2d DCA 1976) (parol evidence admissible as to capacity in which party signed contract). See also Puckett v. Codisco, Inc., 440 So.2d 596 (Fla. 2d DCA 1983).
The facts of this case appear to contrast with those in Akel v. Dooley, 185 So.2d 491 *1235 (Fla. 2d DCA 1966), in which it was held that a party who signed a contract for a nonexistent entity was personally bound under the contract. In this case the entity named in the contract for which defendant purported to sign was nonexistent. But there was also in this case testimony of defendant which could be taken to have been to the effect that it was defendant's intention, which had been communicated and agreed to by plaintiff, that the entity which was to do the development work, which did that work, which was to contract for plaintiff's services for that purpose, and on whose behalf it was intended by the parties that defendant sign the contract, was an existent corporation, not named in this suit, which had been formed shortly before the contract was executed. Thus, there was evidence which could be taken to have been to the effect that the entity on whose behalf defendant signed the contract was misdescribed, and was known by plaintiff to have been misdescribed, in the contract.
While plaintiff's evidence was strongly otherwise, we are not entitled to reweigh the evidence. Tsavaris v. NCNB National Bank, 497 So.2d 1338 (Fla. 2d DCA 1986). Also, all of the evidence indicated that prior to the execution of the contract plaintiff had been willing to contract with a corporate entity and not with defendant personally.
Whether or not the trial court's memorandum to counsel, which announced the court's ruling, reflected evidence inaccurately is not determinative. The court's fundamental conclusion reflected in that memorandum was that defendant was not to be personally bound under the contract. See Chase v. Cowart, 102 So.2d 147, 150 (Fla. 1958) (result in trial court must be affirmed if right, even if right for wrong reason).
Affirmed.
CAMPBELL, C.J., and SCHOONOVER, J., concur.