654 So.2d 1218 (1995)
Thomas A. LOWERY, Appellant,
v.
Richard J. LOWERY, Margaret Lowery and the Ohio Casualty Insurance Company, Appellees.
No. 94-00403.
District Court of Appeal of Florida, Second District.
May 3, 1995.
Thomas A. Lowery, pro se.
George I. Sanchez, Palm Harbor, for appellees.
RYDER, Acting Chief Judge.
Thomas A. Lowery seeks review of the trial court's dismissal of his suit with prejudice. We reverse and remand to the lower court with directions to reinstate his complaint.
Mr. Lowery filed a pro se complaint against the appellees, alleging that his brother Richard fraudulently obtained or mismanaged his father's property, both before the father's death and after his death, as personal representative of the estate. He contended that Margaret Lowery, Richard's wife, overcharged his deceased father for nursing services. Ohio Casualty Insurance Company was named as a defendant only because it provided the personal representative's bond for Richard.
*1219 The defendants filed motions to dismiss the complaint. Richard's motion was the most detailed. He asserted seven grounds for dismissal, which we summarize as follows: (1) failure to state a cause of action; (2) the bar of section 733.901(5), Florida Statutes (1991); (3) failure to seek revocation of the order of discharge in the probate case; (4) laches; (5) the deeds attached to the motion to dismiss negated his cause of action; (6) the fact that Thomas was not entitled to real estate deeded to Richard before their father's death; and (7) failure to provide documentation of the father's alleged incompetency before his death. Margaret's and Ohio Casualty's motions to dismiss each alleged the complaint failed to state a cause of action and Ohio Casualty's motion additionally asserted lack of jurisdiction. The trial court dismissed the complaint, with prejudice, on the grounds that res judicata barred relitigation of issues previously decided in the probate of the father's estate.
We must again note that a motion to dismiss is not to be used as a substitute for a motion for judgment on the pleadings or a motion for summary judgment. Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253, 255 (Fla. 2d DCA 1994); Holland v. Anheuser Busch, Inc., 643 So.2d 621 (Fla. 2d DCA 1994). A motion to dismiss is designed to test the legal sufficiency of a complaint, not to determine issues of fact. Holland. The Florida Rules of Civil Procedure limit the defenses that may be raised by motion at the option of the pleader to:
(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction of the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, and (7) failure to join indispensable parties.
Fla.R.Civ.P. 1.140(b). Additionally, "[a]ffirmative defenses appearing on the face of prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b)... ." Fla.R.Civ.P. 1.110(d).
While all the defendants asserted that the complaint failed to state a cause of action, and Ohio Casualty also contested jurisdiction, defenses that may be properly raised in a motion under rule 1.140(b), the trial court did not dismiss the complaint on those grounds. As previously noted, the motion was granted on the basis of res judicata. Res judicata is a defense that must be affirmatively set forth. Fla.R.Civ.P. 1.110(d). Although Richard did not specifically mention res judicata, he did assert that section 733.901(5) barred Thomas's complaint. Presumably the court's finding of res judicata was premised on that statute, which bars suits against a discharged personal representative and his surety. We have reviewed the complaint and find that the statutory bar is not apparent on the face of the complaint. As such, a motion to dismiss was not the proper vehicle to assert this defense, or the defense of res judicata. See Warwick v. Post, 613 So.2d 563 (Fla. 2d DCA 1993).
Not only did the lower court err in dismissing the complaint based on a procedurally incorrect motion, we are not able to determine, on this scant record, whether the defense of the statutory bar has merit. While section 733.901(5) might be applicable to certain of the allegations against Richard and to Ohio Casualty if it had raised this defense, it has no application to Margaret. Moreover, the complaint alleged that Richard fraudulently induced his father to deed real property to him before the father's death. Richard was obviously not his father's personal representative at that time, and, as such, the statute would seemingly have no bearing on these assertions. We also note that section 733.901(5) is not an absolute bar to suits filed after discharge. Van Dusen v. Southeast First National Bank of Miami, 478 So.2d 82 (Fla. 3d DCA 1985) (suit that alleged personal representative did not disclose disposition of an asset and had intentionally given the asset to party not entitled to it not barred by section 733.901(5)).
We, therefore, reverse the trial court's dismissal of Thomas Lowery's complaint, and remand with directions to the court to reinstate his action. We further note that grounds two through seven raised in Richard's motion to dismiss are affirmative defenses that should be asserted in a responsive pleading, not in a renewed motion to dismiss. We offer no opinion on Thomas's ultimate likelihood of success once the record *1220 in this case is properly developed, nor do we preclude the defendants from asserting any of the defenses previously raised in a proper motion or pleading.
Reversed and remanded.
PARKER and ALTENBERND, JJ., concur.