705 So.2d 108 (1998)
Joshua DAVIS, a minor, By and Through his next friend, Cameo DAVIS, and Cameo Davis, individually, Appellants,
v.
Lee BELL, individually, d/b/a Kic Real Estate, and as Trustee for Lee Bell Family Trust, Appellee.
No. 97-00244.
District Court of Appeal of Florida, Second District.
January 21, 1998.
*109 Theresa I Wigginton of Macy & Associates, P.A., Bradenton, for Appellants.
John Powell of Law Offices of J.A. Setchel, Tampa, for Appellee.
NORTHCUTT, Judge.
Joshua and Cameo Davis appeal the final judgment dismissing their negligence action against Lee Bell. We reverse because their complaint sufficiently alleged a cause of action based on premises liability.
The Davises sued Bell and two other defendants, Tomas and Martha Moffatt, seeking compensation for injuries Joshua Davis suffered in a fall from a tree. Their complaint recited that Joshua, who was six years old at the time of the accident, was playing in the backyard of a triplex rental unit that Bell owns. The Moffatts' property lies directly behind the triplex. Between the two properties are a partially fallen-down cyclone fence and a small tree. The base of the tree is located on the Moffatts' land. The fence is behind the tree on the Moffatts' side, which means the tree is freely accessible from Bell's property. Moreover, its branches extend over the backyard of the triplex. Someone at the triplex had erected a clothesline between a branch of the tree and a post in the backyard. Joshua climbed into the tree, using the cyclone fence as a ladder. He fell, and impaled his eye on a large, upturned, spike-like branch that appeared to have been pruned or broken off. Joshua lost most of the vision in his eye.
The Davises' second amended complaint asserted that both Bell and the Moffatts knew that children often played in the backyard of the triplex. The complaint charged that the Moffatts had access to and control of the tree because its base was situated on their property, and that they had actual or constructive notice of the dangerous condition because the spike-like branch apparently had existed for some time. The Davises contended that Bell had open access to the tree and joint control of it and the limbs that overhung the triplex property. They further asserted that Bell had actual notice of the dangerous condition before Joshua's fall, because one of his tenants had warned him that the spike-like branch posed a hazard to children playing in the area. The complaint averred that Joshua was in a zone of risk that was reasonably foreseeable.
Both Bell and the Moffatts filed motions to dismiss. Bell's motion, which is the subject of this appeal, claimed the complaint failed to state ultimate facts that showed entitlement to relief, failed to alleged the existence of a duty that would support a negligence action, and failed to join indispensable parties, Bell's tenants at the triplex. Bell also contended that the broken tree branch was a natural condition and should not be considered an attractive nuisance. The circuit court denied the Moffatts' motion, but dismissed Bell from the lawsuit on the basis that he was not in actual possession or control of the tree.
We begin our discussion with the oft-stated principle that when a motion to dismiss alleges failure to state a cause of action, the trial court is confined to the four corners of the complaint, and all its material allegations must be taken as true. See Davidson v. Iona-McGregor Fire Protection and Rescue Dist., 674 So.2d 858, 859 (Fla. 2d DCA 1996); Holland v. Anheuser Busch, Inc., 643 So.2d 621 (Fla. 2d DCA 1994). The Davises pleaded the elements of negligence: a duty, breach, harm and proximate causation. See Angell v. F. Avanzini Lumber Co., 363 So.2d 571 (Fla. 2d DCA 1978). They also asserted that Bell had joint possession and control of the tree, and that he had actual notice of the dangerous condition, elements of a cause of action for premises liability. See Haynes v. Lloyd, 533 So.2d 944, 946 (Fla. 5th DCA 1988). Consequently, the Davises properly pleaded a cause of action, sufficient to withstand a motion to dismiss.
The circuit court, however, determined that Bell was not in control of the tree. This is a question of fact. See Regency Lake Apartments Associates, Ltd. v. French, 590 So.2d 970, 974 (Fla. 1st DCA 1991) (in premises liability action, level of control of party who did not own property was a disputed issue for the jury); Galati By and Through Galati v. Town of Longboat Key, 562 So.2d 780, 782 (Fla. 2d DCA 1990) (fact issues concerning town's control of *110 property it did not own warranted reversal of summary judgment in town's favor). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to determine issues of fact. See Davidson, 674 So.2d at 860. It is not a substitute for a motion for summary judgment. See Lowery v. Lowery, 654 So.2d 1218, 1219 (Fla. 2d DCA 1995). The trial court abused its discretion when it dismissed the case against Bell based on its resolution of a factual question. We reverse and remand with instructions to reinstate the Davises' action against Bell.
Reversed and remanded.
BLUE, A.C.J., and WHATLEY, J., concur.