THREADGILL, Acting Chief Judge.
The appellant, Lori Curtis, challenges a final order that dismisses with prejudice her amended complaint against the appel-lee, Cal Henderson, Sheriff of Hillsbor-ough County. We reverse.
Curtis filed an amended complaint alleging various causes of aetion-primarily various common law tort causes of action-against the sheriff and James Rivard Pontiac, who is not a party to this appeal. According to the averments of the amended complaint, Curtis’s claims arose from a situation wherein a sheriffs deputy contacted her employer, as well as a personal friend of hers, and falsely represented that she was the object of an active criminal investigation for passing worthless checks and that there was an active warrant out for her arrest. The amended complaint alleged that, while the deputy was purportedly acting in an official capacity, there was neither an open, active investigation of Curtis, nor was there a warrant out for her arrest.
*1018 Thereafter, the sheriff filed an unsworn motion to dismiss, claiming that Curtis failed to state a cause of action. The sheriffs motion set forth several unsupported factual assertions, including a claim that the actions forming the basis of Curtis’s claims were taken pursuant to an active criminal investigation conducted by the sheriffs department. After a hearing, the trial court dismissed Curtis’s amended complaint with prejudice, concluding that her claims were barred by the doctrine of governmental immunity.
On a motion to dismiss for failure to state a cause of action, the material factual allegations of the subject complaint must be taken as true. See Davis v. Bell, 705 So.2d 108, 109 (Fla. 2d DCA 1998) (citing Davidson v. Iona-McGregor Fire Protection & Rescue Dist., 674 So.2d 858, 859 (Fla. 2d DCA 1996)). The trial court is thus confined to the four corners of the complaint in making a determination, as the purpose of a motion to dismiss is to test the legal sufficiency of the complaint and not to determine issues of fact. See Davis, 705 So.2d at 110; Davidson, 674 So.2d at 860.
Here, in dismissing Curtis’s amended complaint on the basis of governmental immunity, the trial court found, as a matter of fact, that the actions of the sheriffs deputy were taken in the course of an active criminal investigation. That finding directly contradicts the material factual allegations of the amended complaint. For that reason, the trial court erred in dismissing the amended complaint with prejudice, and we therefore reverse and remand this cause for further proceedings. And, since this issue is dispositive, we do not reach the other points Curtis has raised on this appeal.
Reversed and remanded.
BLUE and WHATLEY, JJ., concur.