787 So.2d 116 (2001)
William F. GANDY, Appellant,
v.
TRANS WORLD COMPUTER TECHNOLOGY GROUP and Brian Metz, Appellees.
No. 2D00-3295.
District Court of Appeal of Florida, Second District.
April 20, 2001.
*118 Claude H. Tison, Jr., of Claude H. Tison, Jr., P.A., Tampa, for Appellant.
Denise L. Wheeler and David W. Adams of Macfarlane Ferguson & McMullen, Tampa, for Appellees.
STRINGER, Judge.
Appellant, William F. Gandy, challenges a final order dismissing with prejudice his amended complaint for failure to state a cause of action. Gandy's amended complaint contained five counts: (I) commonlaw fraud; (II) breach of duty of good faith; (III) intentional infliction of emotional distress; (IV) defamation; and (V) punitive damages. We find no error in the trial court's dismissal of counts III and IV, and Gandy concedes the dismissal of count II. For the reasons stated below, we reverse the dismissal of counts I and V.
Among the allegations in count I of the amended complaint was that appellees, Trans World Computer Technology Group ("Trans World") and Brian Metz, induced Gandy to terminate his lucrative business as a freelance computer consultant by the promise of permanent employment as a manager to create and operate a technical services division. Gandy further alleged that when the offer of employment was made, appellees had no intention of keeping him as a long-term employee but rather intended to force him to quit after the division was created. Additionally, Gandy alleged that after the division was operational, he was removed as manager and reassigned to a series of subordinate positions at reduced compensation until he was eventually discharged. Gandy alleged that he has since been unable to obtain employment in his field and that he relied upon appellees' misrepresentation to his detriment, causing compensatory and punitive damages including loss of opportunity for lucrative independent computer work.
When a motion to dismiss alleges failure to state a cause of action, the trial court is confined to the four corners of the complaint, and the material allegations of the complaint must be taken as true. Davis ex rel. Davis v. Bell, 705 So.2d 108 (Fla. 2d DCA 1998); Davidson v. Iona-McGregor Fire Prot. & Rescue Dist., 674 So.2d 858 (Fla. 2d DCA 1996). A complaint should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. Midflorida Sch. Fed. Credit Union v. Fansler, 404 So.2d 1178, 1180 (Fla. 2d DCA 1981).
The essential elements of commonlaw fraud are: (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person. Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253 (Fla. 2d DCA 1994). Gandy's amended complaint alleges all of these elements.
Although the general rule of law in Florida is that the fraud alleged must refer to a present or existing fact, cases have recognized an exception "where the promise to perform a material matter in the future is made without any intention of performing or is made with the positive *119 intention not to perform." Perry v. Cosgrove, 464 So.2d 664, 666 (Fla. 2d DCA 1985). Thus, a fraudulent misrepresentation to offer a permanent job, coupled with the lack of intent to perform at the time the misrepresentation is made, is actionable in Florida. Hamlen v. Fairchild Indus., Inc., 413 So.2d 800 (Fla. 1st DCA 1982).
Appellees rely on our holding in Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983), arguing that representations by an employer concerning the duration of prospective employment or salary do not create binding terms but are mere expectations. Muller is clearly distinguishable because the cause of action in that case was brought under a theory of breach of the employment contract which is based on contract law. Common-law fraud is a tort action, the elements of which are different from those of breach of an employment contract.
In this case, Gandy alleged that Trans World's agent, Metz, had no intention of retaining him as manager at the time he promised Gandy that he would be made manager and receive permanent employment. We find this allegation, along with the other allegations in count I, sufficient to state a tort claim for common-law fraud. Therefore, the motion to dismiss count I should have been denied.
Count III alleged intentional infliction of emotional distress. The trial court dismissed this count finding that the allegations did not satisfy the requirement of outrageousness. Whether alleged conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a matter of law, not a question of fact. Ponton v. Scarfone, 468 So.2d 1009 (Fla. 2d DCA 1985). We agree with the trial court's finding that as a matter of law the alleged conduct was not sufficiently outrageous.
Count IV was a claim for defamation. Gandy alleges that appellees submitted false and defamatory affidavits in response to the Equal Employment Opportunity Commission's (EEOC) investigation of his age discrimination claim. An EEOC investigation is a quasi-judicial proceeding. Bertotti v. Philbeck, Inc., 827 F.Supp. 1005 (S.D.Ga.1993). Florida recognizes that defamatory words published during the course of a judicial or quasi-judicial proceeding are absolutely privileged if they are connected with, or relevant or material to, the cause at hand or subject of inquiry. Fiore v. Rogero, 144 So.2d 99 (Fla. 2d DCA 1962); Stucchio v. Tincher, 726 So.2d 372 (Fla. 5th DCA 1999). We agree with the trial court's conclusion that the alleged defamatory affidavits were published for the purpose of and relevant to the EEOC inquiry and, thus, were absolutely privileged and not actionable.
Finally, the trial court dismissed count V, Gandy's claim for punitive damages, as being moot by reason of the dismissal of the substantive counts I through IV. Since we have found the allegations of count I sufficient to support a cause of action for common-law fraud, we reverse the dismissal of Gandy's claim for punitive damages and remand for a determination on the sufficiency of the claim in light of this opinion.[1]
*120 Accordingly, we affirm the trial court's dismissal of counts II, III, and IV of the amended complaint, reverse the dismissal of counts I and V, and remand this case for further proceedings.
Affirmed in part, reversed in part, and remanded for further proceedings.
THREADGILL, A.C.J., and FULMER, J., concur.
NOTES
[1] The record contains a motion for leave to file a claim for punitive damages which was filed by Gandy on June 6, 2000. The motion appears to have been submitted after Gandy had already amended his complaint to include a claim for punitive damages in count V. We can find no order in the record addressing this motion. Trans World and Metz asserted in their motion to dismiss the amended complaint that count V should be dismissed because Gandy failed to comply with the requirements of section 768.72, Florida Statutes (1999). We express no opinion on the sufficiency of Gandy's claim for punitive damages but instead point out that the issue raised in the motion to dismiss should be addressed by the trial court on remand.