[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12844
Non-Argument Calendar

_____

D.C. Docket No. 9:20-cv-80756-DMM

ROBIN H. GUSTIN, an individual,

Plaintiff – Appellant,

versus

SUNTRUST BANK, a.k.a. Truist Bank,
CAPITAL ONE BANK (USA), N.A.,
WELLS FARGO BANK,
JP MORGAN CHASE BANK N.A.,
BANK OF AMERICA,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 6, 2021)

Before JORDAN, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Robin Gustin, proceeding *pro se*, appeals the district court's grant of the motions to dismiss filed by Capital One, N.A., Wells Fargo Bank, N.A., Bank of America, N.A., Truist Bank f/k/a SunTrust Bank, and JPMorgan Chase Bank, N.A.'s as to her fraud claim. The district court dismissed with prejudice for failure to state a claim and, alternatively, on the grounds of collateral estoppel. Because Ms. Gustin failed to sufficiently allege damages, we affirm the district court's dismissal for failure to state a claim.

## I

Ms. Gustin filed a *pro se* complaint in a Florida state court, which was subsequently removed to federal court on the basis of diversity jurisdiction. Ms. Gustin alleged in her complaint that the appellees, Capital One, Wells Fargo, Bank of America, Truist, and JPMorgan Chase ("the Banks"), defrauded her. Her theory of fraud was that the Banks were vicariously liable for fraud committed by two nonparties, Parascript LLC and NCR Corporation, in a previous patent case between Ms. Gustin's company and NCR.

Ms. Gustin alleged that evidence was concealed in the patent case—specifically, that NCR and Parascript classified certain documents during discovery as "Highly Confidential", which prevented her from viewing them. Though her own

attorney was privy to these documents, Ms. Gustin claimed that if she had seen them herself her patents might not have been invalidated.  As to the Banks, Ms. Gustin alleged that they are or were customers of NCR and that they therefore participated in the fraud.

The Banks filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint was Ms. Gustin's third attempt to litigate patent and fraud claims.

The first attempt was the patent infringement case, filed by Ms. Gustin's company, Capital Security Systems, Inc., against NCR Corporation and Truist. During discovery in that case, Capital Security served a third-party subpoena on Parascript, which responded by authenticating a list of documents, some of which were designated as "Highly Confidential" and "For Attorney's Eyes Only." This prevented Ms. Gustin, but not her attorney from viewing them.  Capital Security ultimately lost the case, and its patents were invalidated.

After the patent litigation, Ms. Gustin and Capital Security filed a complaint against NCR and Parascript, alleging fraud and civil rights violations on the theory that they deceptively designated documents as "Highly Confidential" during discovery in the patent case. *See Gustin v. NCR Corporation*, No. 19-cv-80291 (S.D. Fla. Mar. 4, 2019), *aff'd. Gustin v. Nicoll*, 824 Fed. Appx. 875, 876 (11th Cir. Aug. 26, 2020) ("*Gustin I*").  In *Gustin I*, we affirmed the district court's dismissal with

3

prejudice of Ms. Gustin and Capital Security's fifth amended complaint. The district court there had found that the attorney's knowledge of the "Highly Confidential" documents was imputed to Capital Security, and that therefore Ms. Gustin could not have been deprived of any information in those documents and could not have been damaged.

In their motions to dismiss here, the Banks argued that Ms. Gustin was collaterally estopped from raising her fraud claim, due to *Gustin I*. Alternatively, the Banks argued that Ms. Gustin failed to sufficiently allege damages for the reasons discussed above. The district court dismissed Ms. Gustin's fraud claim with prejudice. It held that collateral estoppel barred the claim because she alleged the same fraudulent scheme that she previously challenged in *Gustin I*, and the only difference between *Gustin I* and the present case was the identity of the defendants. The district court also held, alternatively, that Ms. Gustin did not sufficiently plead damages. (*Id.* at 4). Ms. Gustin appealed.

## II

We review a district court ruling on a Rule 12(b)(6) motion *de* novo. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The complaint is viewed in the light most favorable to the plaintiff, and all well-pleaded facts are accepted as true. *See id.* In the case of a *pro se* litigant, the district court should construe the complaint

4

more liberally than it would formal pleadings drafted by lawyers. *See  Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

## III

The district court did not err in dismissing Ms. Gustin's complaint for failure to state a claim.  Under Florida law, the elements of common-law fraud are (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person. *See, e.g., Gandy v. Trans World Computer Tech. Group*, 787 So. 2d 116, 118 (Fla. 2d D.C.A. 2001). Here, even assuming that Ms. Gustin sufficiently alleged the first four elements of her fraud claim, she did not sufficiently allege damages. "In Florida, 'lawyers . . . are always agents of their clients, and 'knowledge of the agent constitutes knowledge of the principal as long as the agent received such knowledge while acting within the scope of his authority." *Gustin I*, 824 Fed. Appx. at 878 (quoting *Brooks Tropicals, Inc. v. Acosta*, 959 So. 2d 288, 295 (Fla. 3d D.C.A. 2007)).  Her attorney's knowledge of the "Highly Classified" documents was imputed onto Ms. Gustin, and she therefore was not deprived of any information that could have damaged her.  That was true with respect to her earlier claim against NCR and Parascript, and it is likewise true with respect to her fraud claim against the Banks.

5

## IV

Accordingly, we conclude that the district court's dismissal of Ms. Gustin's fraud claim with prejudice was correct.

**AFFIRMED.**