[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10297

Non-Argument Calendar

_____

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY COMPANY,
GEICO CASUALTY COMPANY,
GEICO GENERAL INSURANCE COMPANY,

Plaintiffs-Appellees -
Counter Defendants,

*versus*

QUALITY DIAGNOSTIC HEALTH CARE, INC., et al.,

Defendants,

JORGE E. MARTINEZ,
LUIS ANIBAL QUERAL, M.D.,
MOULTON KEANE, M.D.,
IVELIS GARCIA,
MICHEL VIERA, LMT,

Defendants-Appellants-Counter

Claimants.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-20101-JEM

————————————

Before JORDAN, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this case based on diversity jurisdiction, Luis Queral, M.D., Moulton Keane, M.D., Ivelis Garcia, Michel Viera, and Jorge

Martinez ("Defendants")[1] appeal the district court's grant of summary judgment in favor of Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Co., and GEICO Casualty Co. (collectively, "GEICO"). Defendants also challenge the district court's denial of their motion to amend or to alter the judgment pursuant to Fed. R. Civ. P. 59(e). No reversible error has been shown; we affirm.

I.    Background

This appeal arises from claims -- submitted by Defendants to GEICO -- for reimbursement under the Florida Motor Vehicle No-Fault Law, Fla. Stat. §§ 627.730-627.7405. Florida's No-Fault Law requires automobile insurance policies to include personal-injury protection ("PIP") coverage to provide persons injured in automobile accidents with benefits for medical treatment. Pursuant to a valid assignment of PIP benefits by the insured, the healthcare provider may submit claims directly to the insurance company to receive payment for medical services rendered.

An insurance company is not required to pay a claim for reimbursement under certain circumstances, including to a "person who knowingly submits a false or misleading statement relating to

---

[1] Quality Diagnostic Health Care, Inc. was also named as a defendant but is not a party to this appeal.

the claim or charges," "[f]or any treatment or service that is up-coded,"[2] or for charges that do "not substantially meet the applicable" statutory requirements. *See* Fla. Stat. § 627.736(5)(b). Florida's No-Fault Law also prohibits reimbursement for services -- including physical therapy services -- performed by massage therapists. *See* Fla. Stat. § 627.736(1)(a)(5); *Geico Gen. Ins. Co. v. Beacon Healthcare Ctr. Inc.*, 298 So. 3d 1235, 1239 (Fla. Dist. Ct. App. 2020) (concluding that the plain language of Florida's No-Fault Law precludes reimbursement for physical therapy services performed by a massage therapist).

GEICO contends that Defendants were involved in fraudulent billing practices through Quality Diagnostic Health Care, Inc. ("Quality"), a Florida health care clinic that purported to provide patient examinations and physical therapy services to patients injured in car accidents. GEICO says Defendants submitted or caused to be submitted fraudulent insurance claims that were non-reimbursable under Florida's No-Fault Law.

GEICO sought to recover insurance payments already made to Quality (about $145,000) and sought a declaration that GEICO owed no legal obligation to pay the remaining outstanding claims submitted by Quality (about $79,000). In pertinent part, GEICO asserted against Defendants claims for declaratory judgment, common law fraud, unjust enrichment, and for violation of the Florida

---

[2] "Upcoding" is defined as "an action that submits a billing code that would result in payment greater in amount than would be paid using a billing code that accurately describes the services performed." *See* Fla. Stat. § 627.732(14).

Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201-501.213.[3]

The district court granted GEICO's motion for summary judgment. The district court found to be undisputed these facts: (1) Defendants submitted bills to GEICO that inflated falsely the level of service provided during initial and follow-up patient examinations and, thus, were upcoded; (2) all physical therapy services billed to GEICO had been performed by an unsupervised massage therapist not licensed to practice physical therapy (Defendant Viera); and (3) the bills submitted to GEICO represented falsely that physical therapy services had been provided by or under the direct supervision of a licensed physician (Defendant Keane).

In the light of these facts, the district court determined that none of Quality's bills to GEICO were eligible for reimbursement under Florida's No-Fault Law. The district court thus granted summary judgment on GEICO's claims for declaratory judgment and for unjust enrichment. Given Defendants' knowing false misrepresentations, the district court also granted summary judgment on GEICO's claims for common law fraud and for violation of FDUTPA. The district court later denied Defendants' Rule 59(e) motion to amend or alter the judgment.

---

[3] GEICO also asserted against Defendants claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and for violation of the Florida Civil Remedies for Criminal Practices Act, Fla. Stat. §§ 772.101-772.19. GEICO, however, later dismissed those claims.

II.    Discussion

We review *de novo* a district court's grant of summary judgment, applying the same legal standards as the district court. *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836-37 (11th Cir. 2006).

A.  Common Law Fraud

Under Florida law, a plaintiff asserting a claim for fraud must show "(1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person." *See Gandy v. Trans World Comput. Tech. Grp.*, 787 So. 2d 116, 118 (Fla. Dist. Ct. App. 2001).

That Defendants made knowingly false statements to GEICO is undisputed. Defendants admitted the claims billed to GEICO (1) inflated falsely the level of service provided and, thus, were upcoded and (2) represented falsely that the physical therapy

services had been provided by or under the direct supervision of a licensed physician.[4]

Defendants, however, contend that GEICO cannot show justifiable reliance because GEICO knew or should have known that Defendants' claims misrepresented the nature and extent of the patient examinations. According to Defendants, the billing deficiencies were "obvious" from the underlying treatment records and accident reports (to which GEICO had access) and, thus, GEICO was on notice that Defendants' representations on their invoices for reimbursement were false. In a similar way -- because GEICO paid Defendants' insurance claims despite having notice of their falsity -- Defendants contend the misrepresentations were not "material."

The district court rejected properly these arguments. Under Florida law, a person "may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him." *Besett v. Basnett*, 389 So.2d 995, 998 (Fla. 1980) (concluding that property buyers were justified in relying on a seller's misrepresentations about the size of land offered for sale (5.5 acres vs. 1.44 acres) and the age of the building's roof (brand

---

[4] On appeal, Defendants contend that the district court erred in determining that the charges were upcoded based on a finding that Dr. Keane falsified his notes and diagnosis. The district court, however, made no finding that Dr. Keane falsified his treatment notes. Moreover, Defendants admitted that the charges submitted to GEICO were upcoded.

new vs. old and leaking) even though an investigation might have revealed the falsity of those representations). A falsity is "obvious" when "a mere cursory glance would have disclosed the falsity of the representation" or when a "cursory examination or investigation" would make "patent" the falsity. *See id.* (citing the Restatement (Second) of Torts, §§ 540-41 (1976)).

In the insurance context, we have said that -- absent "some circumstance which directs attention to them" -- information somewhere in an insurer's records is insufficient to put an insurer on notice of the falsity of representations made to it. *See Schrader v. Prudential Ins. Co.*, 280 F.2d 355, 362 (5th Cir. 1960) (explaining that an "insurer is entitled to rely on the representations of an insured, without checking all its files to determine if the insured is committing a fraud.").

Under the circumstances presented in this case, we cannot conclude that the falsity of Defendants' misrepresentations was "obvious": the falsity was not readily observable upon a cursory examination. GEICO was thus entitled to rely on Defendants' misrepresentations made in their invoices for reimbursement, even if a more thorough investigation of the full treatment records and accident reports might have uncovered the falsity of Defendants' statements.

Defendants' argument about materiality also fails because nothing evidences that GEICO paid the insurance claims despite actual knowledge of Defendants' fraud. Moreover, Florida's No-Fault Law allows expressly for an insurer to challenge the validity of a claim for PIP benefits even after the claim is paid. *See* Fla. Stat.

§ 627.736(4)(b)(6). Thus, that GEICO paid initially Defendants' PIP claims establishes nothing about the materiality of Defendants' misrepresentations.

### B. Unjust Enrichment & FDUTPA

To state a claim for unjust enrichment under Florida law, a plaintiff must prove three elements: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012). A cause of action for unjust enrichment exists when "an entity accepts and retains benefits that it is not legally entitled to receive in the first place." *State Farm Fire & Cas. Co. v. Silver Start Health & Rehab Inc.*, 739 F.3d 579, 584 (11th Cir. 2013).

Here, GEICO paid Defendants over $145,000 as reimbursement for patient examinations and for physical therapy services purportedly rendered by Quality. That Defendants' claims -- as submitted -- were non-reimbursable under Florida's No-Fault Law is undisputed. Because Defendants had no legal entitlement to the reimbursement payments, the district court committed no error in granting GEICO summary judgment on its claim for unjust enrichment.

To establish a claim for violation of the FDUTPA, a plaintiff must show "(1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." See *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013). The district court concluded that GEICO was entitled to summary judgment because (1) Defendants engaged in "deceptive acts" or "unfair trade practices" when they upcoded charges and represented falsely that Dr. Keane performed or directly supervised the physical therapy services and (2) a causal connection existed between Defendants' deceptive acts and GEICO's payment of the PIP claims.

On appeal, Defendants make a conclusory argument that -- because supposedly genuine issues of material fact exist on GEICO's fraud claim -- GEICO is unentitled to summary judgment on its claims for unjust enrichment and for violation of FDUTPA. Defendants also contend that GEICO cannot recover under FDUTPA because GEICO had notice of Defendants' deception. These arguments are entirely without merit.[5]

We have already determined that GEICO was entitled to summary judgment on its claim for fraud. In addition, the record contains no evidence sufficient to show that GEICO had adequate

---

[5] About unjust enrichment, Defendants also assert that GEICO submitted payments only to Quality and thus conferred no direct benefit on the individual Defendants. Because Defendants first raised this argument in their Rule 59(e) motion, the argument is not properly before us in this appeal. See *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (a Rule 59(e) motion may not be used to raise an argument that could have been raised before the entry of judgment).

notice of Defendants' deceptive acts.  Nor is proof of actual reliance an element of a claim under FDUTPA. *See State Office of the Att'y Gen. v. Commerce Commercial Leasing, LLC*, 946 So. 2d 1257, 1258 (Fla. Dist. Ct. App. 2007) (noting that "unlike fraud, a party asserting a deceptive trade practice claim [under FDUTPA] need not show actual reliance on the representation or omission at issue").

   C.  Rule 59(e) Motion

   We review the denial of a Rule 59 motion under an abuse-of-discretion standard.  *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  A Rule 59 motion may be granted only when there is "newly-discovered evidence or manifest errors of law or fact." *Id.* "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (alterations omitted).

   The district court abused no discretion in denying Defendants' motion to alter or to amend the judgment.  In their Rule 59(e) motion, Defendants argued for the first time that the physical-therapy services performed by the massage therapist were supervised indirectly by Dr. Keane.  Because Defendants could have raised that argument earlier, that argument was no grounds for a Rule 59(e) motion. *See* can Defendants demonstrate a manifest error of fact or law on the issue of supervision.  Florida courts have determined that the plain language of Florida's No-Fault Law precludes

12                  Opinion of the Court                  21-10297

reimbursement for physical therapy services provided by massage therapists without regard to the level of supervision. *See Beacon Healthcare Ctr. Inc.*, 298 So. 3d at 1239.[6]

AFFIRMED.

---

[6] To the extent Defendants characterize *Beacon Healthcare Ctr. Inc.* as dealing only with physical therapy services provided by entirely unsupervised massage therapists, they are mistaken. The decision in *Beacon Healthcare Ctr. Inc.* addressed expressly massage therapists who -- like the circumstances involved in this case -- provided physical therapy services with no on-site direct supervision. *See* 298 So. 3d at 1237.